**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cr. No.: 1:19-cr-10040-JDB** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JEFFREY W. YOUNG, JR.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
<u>CONTINUE REHEARING/REPORT DATE</u>**

The Government respectfully urges the Court to retain the date and time set to hear the Government's Motion to Revoke.

The relevant statute instructs that the Government's Motion "shall be determined promptly." 18 U.S.C. § 3145(a). This reflects Congress's intent to protect both the "interests of an already incarcerated defendant and the interests of society in allowing an allegedly dangerous individual [not] to roam free." *United States v. Accetturo*, 623 F. Supp. 746, 761 (D.N.J. 1985).

The hearing date set by the Court comports with that requirement. On the other hand, Young's proffered bases for seeking a continuance are meritless. His claim about needing more time to prepare falls flat because it was *Young* who raised and then sheltered under the Board Order restricting his license at the hearing before Judge York. Young's counsel stressed that he was personally involved in the Board proceedings and he knew which evidence was and wasn't presented there. The thrust of Young's argument

was that, with the government's evidence before it, the Board saw fit to restrict Young's license instead of revoking it. Young also claimed that he had been compliant with the Order. Therefore, he claimed, the community was safe while Young was on bond.

Young's claim about the government's "delay" falls flat because, after Young made the representations about the Board's Order providing adequate protection to Judge York, the government investigated those claims—particularly with regard to how the Order has impacted his practice—and promptly filed its Motion to correct the record. Surely, more than two weeks after Young represented to Judge York that the Order was adequate to protect the community and he had been compliant with it, Young can be prepared to defend those claims.

Young's only remaining basis for more time is a red herring. Apparently referring to the Government's passing mentions of Young's personal history of substance abuse, Young suggests that the Government has argued that he has a "mental illness that makes him a danger." Dkt. 62. He therefore claims that additional time is necessary because his "health care provider" cannot be available before May 9 to refute the government's claims. True, Young's history of substance abuse and erratic behavior are concerning. But **what makes Young a danger to the community is his history of threats, obstruction, and intimidation; his history of sexual predation; and his ongoing deviant prescribing practices**. Whether animated by cold blood or mental defect, these behaviors are the basis for the Government's Motion.

The government urges the Court to hold the hearing as scheduled, on May 9, at 1:30 p.m.

Respectfully submitted,

<u>/s/ Drew Pennebaker</u>
Andrew Pennebaker
Trial Attorney
U.S. Department of Justice
(202) 597-0683
Andrew.Pennebaker@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on May 6, 2019.

 _/s/ Drew Pennebaker_
Andrew Pennebaker
Trial Attorney