IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE, at JACKSON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-CR-10040-JDB |
| | ) | |
| JEFFREY W. YOUNG, JR. | ) | |
| | ) | |
| Defendant. | ) | |

### NON-PARTY's MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Dr. John C. Wood, a non-party recipient of the subpoena attached to his motion as Exhibit A, pursuant to Local Criminal Rule 12.1 and Rule 17 of the Federal Rules of Criminal Procedure, respectfully moved by and through counsel for an order quashing the "SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE" issued on May 8, 2019 from this Court and commanding him to appear as a witness at a hearing less than two (2) business days after the non-party's receipt of the subpoena.  As a non-party, almost immediately he is commanded to appear and testify individually in a courtroom more than five hours away from home and medical practice location. In addition, the subpoena requires him to produce records which may be subject to a physician-patient privilege which have not yet been reviewed by his counsel.

### INTRODUCTION

A valid subpoena may "command [a] witness to attend and testify[.]" Fed. R. Crim. P. 17(a); *see also United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013).  Additionally, under Rule 17, a party may obtain pretrial production of documents if: "(1) the items are

1

evidentiary and relevant; (2) the items are not otherwise procurable through due diligence prior to trial; (3) the party cannot properly prepare for trial without such pre-trial production and inspection; and (4) the application is made in good faith and is not a fishing expedition." *United States v. Vassar*, 346 Fed. Appx. 17, 24 (6th Cir. 2009) (*citing United States v. Nixon*, 418 U.S. 683, 698-99, 94 S. Ct. 3090 (1974)); *see also Llanez-Garcia*, 735 F.3d at 494.  However, "the subpoena duces tecum in criminal cases ... was not intended to provide a means of discovery for criminal cases[.]" *United States v. Nixon*, 418 U.S. 683, 698–99, 94 S.Ct. 3090 (1974) (*citing Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675 (1951).  Thus, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

## BACKGROUND

A subpoena was issued May 8, 2019. On Thursday afternoon, May 9, 2019, the government supplied to and served upon Dr. Wood the subpoena in the above-styled lawsuit. The subpoena commands Dr. Wood's appearance at 1:30 p.m.[1] on Monday, May 13, 2019, for an indeterminate period in Jackson, Tennessee, to provide live testimony and to produce certain documents including, but not limited to, electronically stored information which is the possession of Mr. Young which are reviewed by Dr. Wood while in Mr. Young's office in Jackson, Tennessee on at least one occasion per month.  The issued subpoena provides less than two (2) full business days for compliance, immediately before a weekend including Mother's Day and requires travel for hundreds of miles across the state of Tennessee. The subpoena should be quashed.  It is unduly burdensome, unreasonable and oppressive.  Alternatively, if not quashed, the subpoena should be modified.

---

[1] The docket sheet in this matter indicates the matter initially was scheduled to commence at 1:30 on May 20, 2019; however, the hearing date and start time apparently were then changed to 1:15 p.m. on May 13, 2019.  The subpoena fails to identify all defendants in the case or the correct starting time for the actual hearing.

**LAW and ARGUMENT**

First, as to its timing the subpoena is unreasonable and oppressive. The short time frame for response diminishes the non-party's opportunity for compliance or objection. In fact, it essentially renders impossible both compliance and meaningful objection. The subpoena reveals on its face that it was issued merely days ago, and then it was served just prior to a weekend and Mother's Day, while containing the governmental demand for nearly immediate compliance the following Monday. If the subpoena is not quashed or modified, even partial compliance will negatively impact the non-party witness, his medical practice and, most importantly, the non-party's patients who rely upon Dr. Wood for their well-being.

Second, some requested documents are either confidential in nature (the requested patient information) and/or may constitute commercially sensitive business information, proprietary data and/or trade secrets related to the corporate entity for Dr. Wood's medical practice. Such subpoenaed data and materials should not be considered to be in the "possession" of Dr. Wood) . Thus, that type of information is either not subject to the present subpoena or (if it is) it should be protected from discovery because it is not Dr. Wood's information to provide.

Third, assuming even that the scope of the subpoena was manageable and requested/responsive documents were not privileged, neither of which are conceded, the vagaries and ambiguities surrounding the requesting party's demands for certain materials make a compliant response unachievable. Fourth, the subpoena implicates certain constitutional rights Dr. Wood enjoys as an American and, on those grounds, he respectfully objects to the government demands.

### A. The Subpoena is Unreasonable and Oppressive In That It Requires Almost Instantaneous Compliance.

First, and importantly, Dr. Wood is not a party to this proceeding and has no interest in its outcome. The subpoena would be burdensome even if it had been issued against a party; but, because it is issued to a non-party, its burdens are unreasonable. The subpoena contains a laundry list of items, and no less than eight categories of documents, for which Dr. Wood was expected to address, consider, analyze, sort, review, gather, copy, collect and obtain certain documents including, but not limited to, electronically stored information which is the possession of Mr. Young which are reviewed by Dr. Wood while in Mr. Young's office in Jackson, Tennessee on at least one occasion per month. According to the government, this was to be undertaken <u>and</u> completed within approximately one (1) business day, excluding any conversations with others about the subpoena, before the witness would begin traveling across the breadth of Tennessee's geographic territory to appear timely on Monday in a Jackson, Tennessee federal courtroom. All the while, considering its zealousness in enforcing the miniscule time frame in which it wanted Dr. Wood to proceed, the health and well-being of Dr. Wood's patients apparently was of no significant concern to the government. Dr. Wood respectfully shows this Court that he is unable to attend a hearing in the above-styled matter on such short notice.

### B. The Subpoena Requests Documents That Are Confidential, Commercially Sensitive or Privileged.

The subpoena clearly targets records that are controlled by and in the custody of the corporate entity and Mr. Young  Those items are corporate records, rather than records of Dr. Wood's, but the government did not effectively subpoena the entity. Conceivably, since there is no subpoena for the non-party corporate records, the scope should not be implicitly expanded.

4

Rather than scope should be viewed narrowly and only as to Dr. Wood's records. Thus, the Court should quash the subpoena to the extent it seeks to compel what otherwise are the medical practice entity's records rather than Dr. Wood's personal, individual records responsive to the few items that are unambiguously sought in the subpoena. *United States v. Peavler*, No. 3:15-CR-14-GFVT-REW, 2017 WL 1018304, at *3 (E.D. Ky. Mar. 10, 2017)(quashing subpoena in part) (citations omitted).

As for the production of the patient's file, Dr. Wood avers that those materials (if any) are subject to a doctor-patient privilege and, further, may not even be related to the Defendant in this matter. On its face, the request indicates the individual patient's name as something different from and other than the name identified in this case-style as the Defendant, albeit they are very similar names. Also, there is no temporal restriction on the time period for the requested records, bringing into question the relevancy of such a broad request. The subpoena does not define the term "medical records" in conjunction with the subpoena. Moreover, medical records prepared and maintained in Tennessee under the doctor-patient relationship are privileged. Tenn. Code Ann. §§ 63-2-101(b)(1) (1997); 68-11-1502 (2001); 68-11-1503 (2001). Thus, any medical records for Jeffrey W. Young II in the possession of Dr. Wood apparently would be subject to privilege; but, in this instance, the requesting party has not supplied evidence in the record demonstrating that patient was notified a subpoena had been issued to this non-party seeking the patient's private and personal health history.

### C. The Subpoena for Documents, Other Information and/or Objects Is Ambiguous and Not Reasonably Specific.

The subpoena's request for "All documents" relating to [Dr. Wood's] "physician supervision" of Jeffrey W. Young II, particularly as to the myriad categories presented in the

5

request, is hopelessly overbroad. It is not reasonably limited by time or scope, and it will prove to be unduly burdensome. In addition, the second request again seeks privileged, confidential or proprietary information. First, it seeks from Dr. Wood enough information about each category of documents to be able to relate the category and tie into particular patient's medical records, all of which patient's data is privileged and confidential. Next, it seeks such overbroad categories of data as "payment records," "invoices" and "contracts" which are undefined terms. Even as overbroad and undefined categories, however, each is commercially sensitive business information, confidential and/or proprietary business information of Dr. Wood's and of the corporate entity. In fact, some of these types of documents go to the core of Dr. Wood's (or his entity's) business model and business. If such records were required to be produced as requested, regardless of the unforeseeable relevancy concerning this matter to which he is not a party, then the disclosure(s) would place Dr. Wood at a significant competitive disadvantage. The government's hunt for a production by Dr. Wood of "all documents" related to such vague and ambiguous categories of material, without very specific documents being sought for a narrowly defined and limited time period, is the very essence of an overbroad demand for information. If that information were to be disclosed, after a narrowing and clarification of the terms' definitions, it should also be subject to a protective order that shields data (including patient data and identification) otherwise not to be disclosed by law unless some limited exceptions apply 9none of which are conceded here).

### D. The Government Should Reimburse Non-Party Dr. Wood for Expenses.

If Dr. Wood is required to appear and/or produce information responsive to the Subpoena, even if its terms are clarified and the scope is considerably narrowed, it is believed the cost of review, analysis, organizing and copying responsive documents will be significant.

Further, Dr. Wood has incurred and will continue to incur legal expenses relating to the contest, objections and clarifications regarding the scope and timing associated with the subpoena. Where a subpoena imposes significant cost and expense on a non-party, courts should protect the non-party by requiring the requesting party to bear at least some of the expense such that the imposition to the non-party is at least non-significant. At a minimum, the government should be required to bear at least some of the expenses associated with Dr. Wood's compliance with the subpoena.

## CONCLUSION

For the above stated reasons, and other reasons that may be presented if an opportunity is provided for an expedited hearing on this motion, Dr. Wood respectfully requests that this motion be heard telephonically and that the subpoena be quashed or modified.  If the subpoena is not quashed in its entirety, then first Dr Wood should not have to appear in Jackson Tennessee on May 13 to testify and produce requested records.  Second, the overly broad document requests should be narrowed considerably.  Third, Dr. Wood should not be required to produce corporate entity records, including but not limited to any patient related materials, medical records, or data.  Fourth, Dr. Wood should not be required to produce privileged patient information nor proprietary, privileged, confidential or commercially sensitive business information and, if required to do so, only pursuant to a narrowly crafted protective order for relevant, admissible information.  Finally, the government should reimburse Dr. Wood's expenses related to addressing and then responding to the subpoena.

WHEREFORE, PREMISES CONSIDERED, Dr. Wood respectfully requests the subpoena be quashed and/or limited, and that he be awarded his reasonable attorney's fees and

costs, as well as such other and further relief (both legal and equitable) to which he may be justly entitled, or this Court otherwise may deem just and proper.

                                         Respectfully submitted,

                                         GRANT, KONVALINKA & HARRISON, P.C.

                                         s/   John P. Konvalinka
                                         John P. Konvalinka (BPR #001780)
                                         David C. Higney (BPR #014888)
                                         Grant, Konvalinka, & Harrison, P.C.
                                         633 Chestnut Street, Suite 900
                                         Chattanooga, Tennessee  37450-0900
                                         Telephone:  (423) 756-8400
                                         Emails: jkonvalinka@gkhpc.com;
                                         dhigney@gkhpc.com
                                         *Attorneys for Non-Party witness*

## CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that on May 12, 2019, a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System and by email to the following parties:

Andrew Pennebaker, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
Criminal, Fraud Section
1400 New York Ave. NW
Washington, DC 20530
Andrew.Pennebaker@usdoj.gov

Claiborne H. Ferguson, Esq.
THE CLAIBORNE FERGUSON LAW FIRM, P.A.
294 Washington Avenue
Memphis, TN 38103
claiborne101@yahoo.com

Stephen Ross Johnson, Esq.
RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.
606 West Main Street, Suite 300
Knoxville, TN 37902
johnson@rddjlaw.com

Daniel J. Taylor, Esq.
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302-2004
taylor@spraginslaw.com

    s/ John P. Konvalinka