IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

Vs.                                                          Cr. No.: 1:19-cr-10040-JDB

**JEFFREY W. YOUNG, Jr.,**
    **Defendant.**

### MOTION AND MEMORANDUM FOR A CHANGE IN VENUE

COMES NOW the Defendant, Jeffrey W. Young, Jr., by and through his attorney of record, Claiborne H. Ferguson, and moves this Court for a change in venue. For cause, counsel would state as follows:

A criminal defendant has a due process right to a fair trial by an impartial jury free from outside influences. See *United States v. Bennett*, 2013 U.S. Dist. LEXIS 121562 2013 (citing *Skilling v. United States*, 561 U.S. 358 (2010); *Sheppard v. Maxwell*, 384 U.S. 333, 349-62 (1966) (due process violation based on press coverage); *Estes v. Texas*, 381 U.S. 532, 538-52 (1965).

This right is codified in Rule 21(a) of the Federal Rules of Criminal Procedure, which states: "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." In March 2010, the Supreme Court handed down its decision in *Skilling v. United States*, supra, the seminal case concerning the appropriateness of a venue transfer. The case involved Jeffrey

Skilling—the infamous Chief Executive Officer of the Enron Corporation—and his trial for crimes committed before Enron's collapse into bankruptcy. In assessing the "presumption of prejudice" principle which necessitated a transfer of venue, the Court addressed four factors: (1) the size and characteristics of the community in which the crime occurred (and accordingly, from which the jury was selected); (2) whether there was dissemination of prejudicial information that "readers or viewers could not reasonably be expected to shut from sight"; (3) the lapse of time between the conduct and the trial itself; and (4) "of prime significance," the actual jury verdict. *Id.* at 2915-16. Because Young's trial has yet to occur, only the first three considerations are relevant here.

Applying the *Skilling* factors to this case indicate that there is a presumption of prejudice that Mr. Young will not receive a fair trial. The first factor favors moving the trial. The City of Jackson is small in comparison to most cases that address this issue. The current population is around 67,000 persons, a far cry from the 4.5 million residents in Houston in the *Skilling* case and the 866,000 residents of the Eastern district of Michigan in the *Bennett* case. In fact, counsel is only requesting the case to be transferred to the Western Section of the Westen District as this case has not generated the same publicity in Memphis/Shelby County as it has in the Eastern Section of the Western district, especially the Jackson area.

There has been a tremendous amount of pre-trial publicity, on-line chatter, and press releases from the United States Attorney's Office. Attached are just a small sample of prejudicial information that this case has generated in the local area. Of special concern is the recent Jackson Sun article that nearly slandered Mr. Young and was a near verbatim recitation of the inadmissible allegations of past bad acts that would not be admissible at trial but know there in no way to recall this information from the community at large. See, Exhibit A. Furthermore, the story (along with others) has been on local TV numerous times and multiple news outlets are following the story.

See, Exhibit B.  There is a huge collection of articles on-line relating to this case.  See, Exhibit C.  In fact, the United States Attorney for the district had posted about the case on his personal and business Facebook accounts, as well as the official Twitter account. See, Exhibit D.  This prong favors moving this case.

The third prong also favors moving the case to Memphis.  The length of time verses the scandalous details of the press coverage is such that this case is currently being routinely discussed, debated and fought within the Jackson community.  The scandalous nature of the allegations ensure that it will continue to be discussed and that prejudice will not recede as the trial approaches.  In fact, just the opposite is likely due to the on-line nature of much of the information being disseminated within the community.

WHEREFORE premise considered, Counsel requests that venue be transferred to the Western Section of the Western District.

### Certificate of Consultation

On September 30th, 2019, 4 p.m. CST,  I emailed Andrew Pennbraker at Andrew.Pennebaker@usdoj.gov and Jason Knutson at Jason.Knutson@usdoj.gov and asked for their position on this motion. As of the filing of this Motion, I have received no objection from them.

Respectfully Submitted;

**The**
**CLAIBORNE ✺ FERGUSON**
**Law Firm, P.A.**
294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400
claiborne101@yahoo.com

/s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 1st day of October 2019.

s/Claiborne H. Ferguson
CLAIBORNE H. FERGUSON