**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 07, 2019

Ms. Joanna Katherine Wood Bowman
U.S. Department of Justice
Fraud Section, Criminal Division
1400 New York Avenue, N.W.
Washington, DC 20530-0000

Mr. Claiborne Hambrick Ferguson
The Claiborne Ferguson Law Firm
294 Washington Avenue
Memphis, TN 38103

Mr. James W. Powell
Office of the U.S. Attorney
109 S. Highland Avenue
Suite 300
Jackson, TN 38301

Mr. Jeremy Raymond Sanders
U.S. Department of Justice
Criminal Division
1400 New York Avenue, N.W.
Washington, DC 20005

    Re: Case No. 19-5692, *USA v. Jeffrey Young, Jr.*
       Originating Case No. : 1:19-cr-10040-1

Dear Counsel:

 The Court issued the enclosed Order today in this case.

            Sincerely yours,

            s/Amy E. Gigliotti for Karen S. Fultz
            Case Manager
            Direct Dial No. 513-564-7036

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

No. 19-5692

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 07, 2019
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )
                                         )
v.                                       )        O R D E R
                                         )
JEFFREY W. YOUNG, JR.,                   )
                                         )
    Defendant-Appellant.                 )


Before: GUY, GRIFFIN, and KETHLEDGE, Circuit Judges.

Defendant Jeffrey W. Young, Jr., appeals the district court's order revoking a magistrate judge's order releasing him on bond pending trial on charges of conspiracy to distribute and dispense controlled substances and related offenses. We unanimously agree that the facts and legal arguments are adequately presented in the briefs and that the decisional process would not be significantly aided by oral argument. See Fed. R. App. P. 34(a).

The default position of the law is that a defendant should be released pending trial, but that position is modified for "certain, particularly dangerous defendants." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community if there is probable cause to believe that the defendant committed a drug offense that has a maximum punishment of ten years or more. 18 U.S.C. § 3142(e)(3)(A). Here, the indictment is sufficient to support a finding of probable cause

triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person and the community. *Stone*, 608 F.3d at 945. Once the defendant meets this burden of production, the presumption favoring detention does not disappear but becomes one of several other factors that the district court must weigh. *Id.* The government retains the burden of persuasion. *Id.* at 946. The court should take into account the available information concerning the nature and circumstances of the offense charged, the weight of the evidence of dangerousness, the history and characteristics of the person, and the nature and seriousness of the danger to any other person and the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g)(1)–(4). Young does not dispute that the statutory presumption in 18 U.S.C. § 3142(e)(3)(A) applies to his case.

As an initial matter, we reject Young's claim that the district court was required to defer to the magistrate judge's findings and to the terms of a consent agreement between Young and the Tennessee Board of Nursing. If a person is ordered released by a magistrate judge, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). This provision would serve no purpose if the district court was required to defer to the magistrate judge's rulings. And a consent agreement between Young and the Tennessee Board of Nursing does not preempt the Controlled Substances Act or Supreme Court case law which "amply support the conclusion that Congress regulates medical practice insofar as it bars doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood." *Gonzales v. Oregon*, 546 U.S. 243, 269–70 (2006).

No. 19-5692
-3-

We review the district court's factual findings for clear error. Mixed questions of law and fact—including the ultimate question of whether detention is warranted—are reviewed de novo. *Stone*, 608 F.3d at 945. The district court found that although Young met his burden of production, the government carried its burden of persuading the court that Young presented a risk of danger to the community if released. The presumption of detention is not simply an evidentiary tool, but rather "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. Upon review of the facts and arguments presented, we agree with the district court and find no special features of Young's case that "take it outside 'the congressional paradigm.'" *Id*. at 946 (citation omitted). Thus, we conclude that the district court's factual findings were not clearly erroneous and that detention is warranted.

The district court's order revoking defendant's release on bond is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk