# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No.: 1:19-cr-10040-JDB |
| ) | |
| vs. ) | |
| ) | |
| JEFFREY YOUNG. ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT JEFF YOUNG'S MOTION FOR RELEASE TO HOME CONFINEMENT

The Government, through the undersigned counsel, respectfully opposes Jeff Young's Emergency Motion for Release to Home Confinement (Doc. 152) as follows:

The Defendant seeks release to home confinement because he claims that his immunosuppression therapy makes him particularly susceptible to all infection, including the recently-discovered Coronavirus Disease ("COVID-19.")

Title 18, United States Code, Section 3142(g) sets forth the factors courts shall consider when determining whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." The Court has already considered these factors after a multi-day hearing, and "[a]fter hearing statements from witnesses and arguments of counsel, the Court found sufficient evidence to revoke the defendant's bond." (Doc. 81).

None of those factors has changed since the Defendant was detained. To be sure, the Court may consider the "person's…physical and mental condition." 18 U.S.C. §

3142(g)(3)(a).  However, the Defendant's condition has not changed; he was taking immunosuppressants when he was remanded. Likewise, there has always been the potential for the spread of infectious disease in a detention facility. Yet, despite the proliferation of influenza, colds, sinus infections, and other common ailments to which his immunosuppression allegedly makes him vulnerable, the Defendant has not asked to be placed in medical isolation. In addition, the undersigned has spoken with an official at the West Tennessee Detention Facility (the "Facility") where Young is being housed, and learned that there are no confirmed or even suspected cases of COVID-19 at the Facility.

Nonetheless, in response to the recent spread of COVID-19 outside the Facility, the Facility has taken the following measures:

- Social visits and volunteer activities are cancelled to limit the possibility of the disease entering the Facility.
- Attorneys are requested to use non-contact visitation to avoid personal contact with inmates, and the facility has removed recording devices to ensure privacy.
- If they elect to use contact visit areas, the Facility is issuing sanitary wipes to attorneys, who are encouraged to wipe down the area when they come and go.
- Unless there is a security issue, inmates will no longer be transferred inside the Facility (i.e., assigned a new room) for convenience.
- Any prisoners entering or leaving the Facility for any reason will have his or her temperature measured. Barring extenuating circumstances, prisoners with temperatures over 100 degrees will not leave the facility, and will not be admitted without first being evaluated for COVID-19 risk.

- Every two hours (instead of the usual once-per-day), the hard surfaces in housing units are wiped down with disinfectant wipes that specifically target corona-type viruses (the category of viruses to which COVID-19 belongs).
- All restraints are wiped down before and after use.
- Signage all over the facility reminds inmates and employees about basic hygiene and social distancing measures.

Finally, if a case of COVID-19 were to be confirmed at the Facility, the Facility has the capacity to address it. The Facility employs a full-time clinical director, who is a medical doctor. Its health services administrator is a registered nurse. If that team determined the Defendants' immunosuppression therapy required isolation to prevent him from contracting COVID-19, the Facility would place him in medical isolation. If he needed further, complex care, he would stay in medical isolation until such time that he could be transferred to another facility able to handle a complex medical issue.

In sum, the fact that a new virus exists outside the Facility walls is not grounds to release Jeff Young or any of the other thousands of incarcerated persons in the United States. For these reasons, the United States respectfully requests that the defendants' motion be DENIED.

> Respectfully submitted,
>
> /s/ Katherine Payerle
> Katherine Payerle
> Trial Attorney
> U.S. Department of Justice
> (202) 341-4227
> Katherine.payerle@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on March 13, 2020.

                                         */s/ Katherine Payerle*
                                         Katherine Payerle
                                         Trial Attorney