**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

UNITED STATES OF AMERICA,            )
                                     )
v.                                   )            Cr. No.  1:19-cr-10040-JDB
                                     )
ALEXANDER ALPEROVICH, M.D.           )
JEFFREY YOUNG                        )
ANDREW RUDIN, M.D.                   )

## UNITED STATES' MOTION TO AMEND SCHEDULING ORDER

COMES NOW the United States of America, through undersigned counsel, and for the reasons set forth herein, moves the Court for an order amending the scheduling order issued on June 4, 2020 (Doc. 174) to vacate the current, September 14, 2020 discovery deadline, set a new deadline for production of certain materials, and establish a procedure for the disclosure of certain potentially privileged documents in the government's possession.

The circumstances leading to this motion are as follows: During a 2017 search of Defendant Jeff Young's home and medical office, the government imaged several drives and other electronic media (the "Search Warrant Electronic Data"). In December 2019, the government produced those image files to all defendants, and it is the government's position that this production satisfied its Rule 16 obligations.[1] However, early in 2020, the government began processing or "unpacking" those image files to create a searchable database of the individual files contained on those images. In March or April 2020, the

---

[1] The Defendants oppose this position, but since they agree to the discovery deadline extension, it is not necessary to resolve that issue at this time.

Defendants asked the government to re-produce the Search Warrant Electronic Data as "load-ready files;" that is, the "unpacked" version of the image files, which can be easily loaded into a database.  The government agreed to the request and was optimistic that it could handle that task within a few months.  And, for the most part, the government was indeed able to comply with the Defendants' request. All of the Search Warrant Electronic Data has been re-produced in load-ready format to counsel for Defendant Jeff Young, and the vast majority of this Search Warrant Electronic Data has already been re-produced to Defendants Alperovich and Rudin.

However, since that time, two unforeseen circumstances occurred, which have prevented the government from producing a small percentage of the Search Warrant Electronic Data to Defendants Alexander Alperovich and Andrew Rudin. Specifically:

First, at least two of the image files encountered technical difficulties, which the government has since remedied, but which caused some unforeseen delay.

Second, after the government began reviewing the newly-formed database of Search Warrant Electronic Data, the undersigned happened across communications between Young and persons who appeared to be representing Young as his attorneys. The undersigned did not substantively review any such correspondence in enough detail to know whether it is relevant to the case, or whether it would constitute discovery under Rule 16. Nonetheless, because the materials could have been privileged, the undersigned stopped her review completely and sent the entire body of Search Warrant Electronic Data to a "Privilege Review Team," which is a walled-off team of lawyers within the Department of Justice whose sole function is to review materials for privilege and manage the production of those materials (or not, as applicable) in discovery without the

prosecution team seeing them.  For various reasons which the government can explain to the Court if required, this review process took longer than expected. However, it is now nearly complete, and the Privilege Review Team is expected to identify a small subset of the Search Warrant Electronic Data that may be subject to a claim of attorney-client privilege by Defendant Young.

The government has already returned all of the Search Warrant Electronic Data in load-ready format to Jeff Young himself, since he is the holder of the privilege at issue. In addition, the government has run search terms against the Search Warrant Electronic Data based on the names of Jeff Young's attorneys provided by counsel for Young. The government then produced to Defendants Alperovich and Rudin all of the Search Warrant Electronic Data that did not "hit" on those search terms.

The next step is for the Privilege Review Team to manually review the documents that "hit" on the search terms[2] to determine whether they are, in fact, privileged. The government will promptly release any documents that are not privileged but, for example, "hit" on search terms because they contained a stray reference to an attorney. During their manual review, however, the Privilege Review Team is also likely to encounter documents that are both discoverable to Defendants Rudin and Alperovich on one hand *and* protected by Jeff Young's attorney-client privilege on the other hand.  For this type of document, the government believes it is prudent for the parties to carefully agree upon a procedure for addressing the issue, and obtain the Court's approval of such a procedure.

---

[2] In addition, the Privilege Review Team is manually reviewing all image or video files, because those files cannot be responsive to search terms. In all, there are approximately 50,000 documents and approximately 100,000 images or videos that must be reviewed.

The government has been in regular communication with counsel for the Defendants about these circumstances throughout the summer, and counsel for the Defendants have agreed to extend the discovery deadline for thirty days and to work with the government and the Court to arrive at a solution.

Accordingly, the government now seeks an order amending the scheduling order, vacating the current discovery deadline of September 14, 2020, and entering an order in its place as follows:

(1) The government, by October 14, 2020, shall produce, in load-ready format, the Search Warrant Electronic Data that is does not appear to be subject to any claim of attorney-client privilege. The government has conferred with counsel for Defendants Alperovich and Rudin, who both agree to this extension.[3]

(2) With respect to the potentially privileged documents identified by the Privilege Review Team, all parties, by October 14, 2020, shall either (a) jointly submit a protocol for managing the negotiation and production of potentially privileged documents to Defendants Alperovich and Rudin; or, (b) if the parties cannot reach agreement on such a protocol, shall file individual proposals and memoranda in support to the Court. The Defendants are considering this suggestion by the government, and have not yet given a position as to whether they agree with this procedure. However, the government submits that such a procedure will allow all parties time to ensure that any rights of the privilege-holding Defendant can be carefully balanced against discovery rights of the remaining to Defendants.

---

[3] Counsel for Defendant Young already has all of these materials, so had no need to consent.

For these reasons, the government respectfully requests that the Court amend the

scheduling order as set forth herein.

Respectfully submitted,

/s/ Katherine Payerle
Katherine Payerle
Assistant Chief
U.S. Department of Justice
(202) 341-4227
Katherine.payerle@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed

through ECF on September 11, 2020.


                 <u>*/s/ Katherine Payerle*</u>
                 Katherine Payerle
                 Assistant Chief