# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

### CASE NO. 1:19-cr-10040- BREEN

**UNITED STATES OF AMERICA,**

vs.

**ALEXANDER ALPEROVICH, M.D.**
**JEFFREY YOUNG**
**ANDREW RUDIN, M.D.,**
              **Defendants**
_____/

## UNITED STATES' UNOPPOSED MOTION FOR A DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

      The United States of America, by and through its assigned Filter Team[1], respectfully files this motion to request authorization and entry of a protocol to disclose discovery materials that have been or are potentially subject to claims of privilege by co-defendant, Jeffrey Young (hereinafter "Defendant Young"). The United States requests entry of the protocol, attached to this Motion as Exhibit A, to fulfill its discovery obligations to co-defendants Alexander Alperovich and Andrew Rudin (hereinafter "Defendant Alperovich" or "Defendant Rudin") while respecting Defendant Young's privilege claims and to resolve potential privilege disputes.

---

[1] The Filter Team attorneys in this case are DOJ Trial Attorneys Bennett Starnes and Kathryn Furtado, who are assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit. The Filter Team attorneys have a separate reporting and supervisory chain from the Prosecution Team in this case and they are supported by paralegals and other professional staff who are not part of the Prosecution Team.
      Filter Team attorneys conducting and supervising the filter review in this case, and the paralegals who supported the Filter Team, were not, and will never be, involved in the prosecution of this case. Members of the Filter Team have been cautioned not to disclose information discovered during the filter process to the Prosecution Team.

Pursuant to Local Rule 7.2(a)(1)(B) for the United States District Court for the Western District of Tennessee, after conferring with all parties, counsel for defendants do not oppose this motion proposing a discovery protocol.

## I.   Factual Background

On April 15, 2019, the defendants were indicted by a grand jury in the Western District of Tennessee, Eastern Division on charges of conspiracy to distribute and dispense controlled substances, in violation of 21 U.S.C. § 846, multiple counts of unlawfully distributing and dispensing controlled substances, including to a pregnant woman, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 861(f), and 18 U.S.C. § 2, and maintaining a drug-involved premises, and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.  (ECF No. 4).

During the course of the Government's investigation of the charges alleged in the Indictment, the Government seized material pursuant to a search warrant from Defendant Young's home and his company, Preventagenix.  In June 2020, at the Prosecution Team's request, a Filter Team was established to review certain evidence that the Prosecution Team reasonably determined could potentially contain material protected by the attorney client privilege, work product doctrine, or other legally recognized privileges (hereafter collectively referred to as "Potentially Protected Material").  Thereafter, the Filter Team was tasked with reviewing, identifying, and segregating Potentially Protected Material from the Prosecution Team.  The Filter Team used search terms, including attorney names that were provided by counsel for Defendant Young, to identify and segregate Potentially Protected Material from the Prosecution Team.[2]

---

[2]   The United States is providing certain basic information to the Court about its filter process in this case as background and context to explain how the need for the Protocol arose. In providing such information, the United States does not intend to waive its right to argue that certain information about its investigation, filter

A.     **Status of Discovery**

The Prosecution Team has made ten discovery productions to the defendants. The productions include material obtained in response to grand jury subpoenas; incorporation records for relevant corporate entities; records relating to Defendant Young's interactions with the Tennessee Department of Health and the Tennessee Board of Nursing; Medicaid and other insurance claims data; records of patient overdoses; cellular phone data (including toll records); Instagram and Twitter data; search and seizure warrants; inmate jail calls; iCloud data; aerial survey photographs; and bank records.

In addition to the discovery productions discussed above, the Filter Team produced to Defendant Young a full copy of discovery material for which he has standing to assert a privilege, which included digitized copies of electronic devices (*i.e.* laptop and desktop computers) seized from Defendant Young's residence or business. This material was provided over two productions, the first on September 2, 2020 and the second on September 10, 2020. At the request of Defendant Young's attorney, the Filter Team produced the discovery material in a "load ready" format so that Defendant Young's counsel can review it on his choice of document review platforms.

The filter review of material seized from Defendant Young's residence and business is complete. As a result, the Filter Team has identified and segregated from the Prosecution Team approximately 10,000 potentially protected items identified among the material seized from Defendant Young's residence and business. Defendant Young objects to producing his privileged material to his co-defendants. Consequently, the Filter Team has not yet produced the items that the Filter Team identified as Potentially Protected Material seized from Defendant Young's

---

process, or prosecution of this case is protected by the deliberative process privilege or other applicable privileges. To the contrary, the Government asserts deliberative process, work product doctrine, and attorney-client privilege regarding this information.

residence or business to Defendants Alperovich and Rudin.  The Filter Team will provide a list of the material withheld by the Filter Team at issue to the defendants under separate cover.

The discovery material at issue implicates the Government's discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 16.1 for the Western District of Tennessee.  Moreover, the as-yet unproduced discovery may be material to Defendants Alperovich and Rudin in this case and/or discoverable pursuant to *Brady*, *Giglio* and/or *Jencks* at some stage of the proceedings.

## II.     Proposed Protocol for Review and Production of Discovery Material Potentially Subject to Privilege Claims

To fulfill the Government's discovery obligations to Defendants Alperovich and Rudin, while respecting Defendant Young's ability to claim privilege over certain materials, and to resolve potential privilege disputes on an item by item basis per applicable case law, the Government respectfully requests the Court enter the unopposed proposed protocol (hereafter "Protocol" and attached as Exhibit A).  The Protocol permits the Filter Team to continue to identify and segregate Potentially Protected Material from the Prosecution Team, if necessary, and to release items that are not potentially protected to the other defendants and the Prosecution Team. Moreover, the Protocol provides a practicable mechanism for Defendant Young to assert privilege over his material.  Finally, the Protocol sets out a procedure for parties to narrow and resolve areas of disagreement and allows for expeditious adjudication of any remaining disputes by the Court.

## III.    Argument

The Government has discovery obligations to all of the charged defendants pertaining to material obtained from Defendant Young's residence and business.  Where the materials may involve privileged material, the Government's discovery obligations must be balanced with the rights of the privilege holder, who, in this instance, is a co-defendant seeking to protect his own

constitutional and statutory rights to the effective assistance of counsel and to have privileged communications with those counsel. Further, the Court has inherent power to regulate discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure which permits the Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Protocol contains several important features to balance these interests.

The Protocol makes use of a Filter Team to segregate potentially discoverable material obtained during criminal investigations from material properly subject to disclosure to the prosecution team and a defendant, which Courts in this Circuit have recognized as valid. *United States v. Patel*, 579 Fed.Appx. 449, 459 (6th Cir. 2014); *United States v. Coffman,* 574 F. App'x 541, 564 (6th Cir. 2014). Where, as here, a district court is faced with criminal litigation involving potential claims of attorney-client privilege, the Filter Team respectfully suggests that the Protocol will properly balance the rights and obligations of the parties to this litigation and provides a reasonable methodology for narrowing and ultimately adjudicating such claims.

To be clear, this Protocol is not intended to adjudicate whether specific material is subject to a valid claim of attorney-client privilege; adjudication of privilege claims is left to the Court. Fed. R. Evid. 501. However, since "[t]he party raising a privilege has the burden of establishing the existence of the privilege," *United States v. Fresenius Med. Care Holdings, Inc.,* No. 3:20-CV-00158, 2020 WL 3956647, at *5 (M.D. Tenn. July 6, 2020), including through a particularized showing, the Court cannot practically adjudicate the privilege claims here without employing an orderly process. In addition, "privilege cannot be established as a 'blanket' claim, [and] must be asserted, challenged, and examined on a document-by-document basis." *Id.* The Filter Team respectfully suggests the Protocol provides the Court with an orderly process whereby the asserting party makes such claims with particularity, by creation of a privilege log, and the parties discuss

5

and attempt to narrow the remaining disputes before the material is submitted to the Court for *in camera* inspection, if necessary, and for adjudication.

Finally, the Protocol protects the privilege by limiting any waiver of privilege to this proceeding only, and expressly retaining for the privilege-holder any claim of privilege with respect to future proceedings, thus creating a more efficient process where a potential claimant need not assert a privilege claim solely out of concern for a future waiver claim in some other proceeding. *See* Fed. R. Evid. 502(d) (providing that the court may "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."). In so doing, the Protocol will allow more a more efficient process by allowing the parties to focus on only the most relevant material and most significant claims.

## IV.   Conclusion

The Protocol here will allow for a fair and efficient discovery and disclosure process while allowing Defendant Young to assert valid claims of privilege, allow the parties to review Defendant Young's claims, narrow the areas of disagreement, and allow the Court to adjudicate the remaining claims pursuant to the Protocol. For these reasons and as set forth above, the Government respectfully requests that this Court grant the United States' Unopposed Motion for a Discovery Protocol Governing Disclosure of Materials Subject to Claims of Privilege, attached as Exhibit A to this Motion.

Dated: October 14, 2020                    Respectfully submitted,

                                       DANIEL KAHN, ACTING CHIEF
                                       CRIMINAL DIVISION, FRAUD SECTION
                                       U.S. DEPARTMENT OF JUSTICE

                                   By:     /s/ Bennett Starnes
                                                 BENNETT STARNES
                                                 KATHRYN C. FURTADO
                                                 TRIAL ATTORNEYS
                                                 United States Department of Justice
                                                 Criminal Division, Fraud Section
                                                 Privilege Review Team
                                                 1400 New York Avenue NW
                                                 Washington, DC 20530
                                                 Tel: (202) 616-2684
                                                 Bennett.Starnes@usdoj.gov
                                                 Kathryn.Furtado@usdoj.gov

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on October 14, 2020, I filed the foregoing document with the Clerk of the Court.

                By:  /s/Bennett Starnes
                    Bennett Starnes

Copies delivered by FedEx and Electronic Mail to:

Counsel for the defendants