UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                NO. 1:19-cr-10040- JDB

ALEXANDER ALPEROVICH, M.D.,
JEFFREY YOUNG,
ANDREW RUDIN, M.D.,

    Defendants.

---

**ORDER GRANTING MOTION FOR DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE**

---

Having considered the United States' motion requesting authorization and entry of a protocol to govern the disclosure of discovery materials that have been or are potentially subject to claims of privilege by defendant, and for good cause shown,

**IT IS HEREBY ORDERED THAT**:

1. The United States' motion is **GRANTED**, and the protocol set forth in Paragraphs 2-9, below (hereinafter "Protocol"), shall govern the disclosure of discovery materials that have been or are potentially subject to claims of privilege (hereinafter "Potentially Protected Material")[1] by Defendant Young.

2. The Filter Team shall segregate Potentially Protected Material from the Prosecution Team and co-defendants unless a court order or Defendant Young authorizes the release of Potentially Protected Material to the Prosecution Team or a co-defendant.

---

[1] Potentially Protected Material is defined as material that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

3.      The Filter Team shall release discovery material that is not Potentially Protected Material to the Prosecution Team and the defendants.

4.      The Filter Team shall produce Potentially Protected Material to Defendant Young under the following conditions:

   a. <u>Privilege Holder(s)</u>: Defendant Young, as the privilege holder, shall receive a full copy of the discovery material in the same format as it was provided to the Filter Team. Filter team will produce to Defendant Young a copy of the items that the Filter Team identified as Potentially Protected Material within seven (7) days of the entry of the Order.

   b. <u>Procedures for Objections to Production or Asserting Privilege Claims</u>: If Defendant Young objects to the Filter Team's production of certain items to a co-defendant, release to the Prosecution Team, or asserts a privilege claim to protect certain materials, Defendant Young will notify the Filter Team of their position within thirty (30) days of receiving a copy of the items that the Filter Team identified as Potentially Protected Material. Defendant Young's objection shall include a privilege log, setting forth the claim asserted - such as attorney-client privilege, work product doctrine protection, or other legally recognized claim - that precludes production for each document logged. The log shall also set forth the document title, subject matter, author(s), recipients(s), date, transmittal detail (if any), location of author(s) and recipient(s), and an explanation of the claim asserted against production. Defendant Young shall email a copy of his objection and privilege log to counsel for co-defendants and the Filter Team. If Defendant Young does not respond to the Filter Team within thirty (30) days of the Filter Team producing the Potentially Protected Material, the Filter Team will provide the co-defendants and Prosecution Team with information regarding the Filter Team's attempts to contact Defendant Young and his failure to respond. Thereafter, the co-defendants or the government may move the Court for a finding that Defendant Young has waived privilege claims.

   c. <u>Objections:</u> After the Filter Team receives an objection and required privilege log from Defendant Young, the parties shall have five (5) business days to meet and confer to try to resolve any areas of disagreement concerning the asserted privilege. The Filter Team shall provide all the defendants with notice of the date and time of the meet and confer, and any defendant may participate through counsel. If the parties cannot come to an agreement as to the asserted claim, the Filter Team (or a defendant if he objects) shall notify the objecting party in writing that the parties do not agree.

   d. <u>Motion to Compel:</u> The defendants shall then have five (5) business days from the date of the meet and confer to move to compel production of the Potentially Protected Material on the basis of waiver or any other basis. Likewise, the Filter

       Team shall have five (5) business days from the date of the meet and confer to move for authorization to disclose the Potentially Protected Material to the Prosecution Team and other defendants on the basis of waiver or any other basis. The moving party shall provide a copy of the privilege log provided by the claiming party, a copy of the disputed material or document(s), and a memorandum containing any factual or legal arguments. If the moving party is defendant, the Filter Team will provide the Potentially Protected Material in dispute to the Court *ex parte* for *in camera* review.

    e. <u>Motion in Response:</u> Within five (5) business days of the filing of a motion to compel, the claiming party shall file a response supporting its privilege claim.

    f. <u>Motion in Reply:</u> Any reply in support of the motion to compel or motion for authorization to disclose will be due within three (3) business days of the responsive filing.

    g. <u>Court Retains Jurisdiction Regarding Future Use:</u> If the Court thereafter authorizes the Filter Team to produce the disputed Potentially Protected Material to the Prosecution Team and the co-defendants, the Court will retain jurisdiction to determine if, and under what circumstances, a defendant or the Prosecution Team may use the Potentially Protected Material at trial.

    h. <u>Failure to Provide a Privilege Log:</u> If Defendant Young fails to provide a privilege log to the Filter Team and/or co-defendants sufficient to allow the reviewing party or the Court to determine the nature of the claim, or fails to meet and confer, the Court may determine that such actions constitute waiver of a claim.

    i. <u>Privilege Claim Not Later Challenged:</u> If a privilege claim was asserted and not later challenged by the Filter Team or a defendant, the Filter Team or the Court may direct the defendants or the Prosecution Team to return the item(s) to Defendant Young or destroy the item(s) that were produced in discovery but remain subject to a non-challenged privilege claim. Under these circumstances, the defendant(s) must return or destroy Potentially Protected Material unless he receives the Court's approval to retain the material.

5.     The Court retains jurisdiction to adjudicate any dispute or resolve any privilege asserted over the discovery material produced pursuant to the Protocol.

6.     Pursuant to Fed. R. Evid. 502(d), any Potentially Protected Material disclosed to a co-defendant pursuant to this Protocol Order or subsequent disclosure order, shall not constitute, or be deemed, a waiver or forfeiture of any privilege claim in any federal or state judicial or administrative proceeding other than these federal proceedings.

7. The Government or defendant shall have the right to present to the Court any document to determine if an exception, such as the crime-fraud exception, or a waiver, such as a subject-matter waiver, applies to the Potentially Protected Material.  If materials are produced to the Prosecution Team or the defendants pursuant to such a finding, it shall not be grounds for a waiver argument by the Government or any other party pursuant to Fed. R. Evid. 502(d).

8. If any member of the Prosecution Team inadvertently reviews an item believed to be protected by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege, the Prosecution Team member shall turn the item over to the Filter Team for resolution through the process described above.  Inadvertent review shall not automatically disqualify the Prosecution Team member from this matter.

9. The deadlines set forth in this Protocol may be extended based on the written agreement of the parties, or by any party requesting the same from the Court upon good cause shown.

IT IS SO ORDERED this the 15th day of October 2020.

s/ J. DANIEL BREEN
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
