**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

**Vs.**                                                                                                                          **Cr. No.: 1:19-cr-10040-JDB**

**JEFFREY W. YOUNG, Jr.,**
      **Defendant.**

**MOTION FOR RELEASE BASED ON DUE PROCESS**

Pretrial detention violates the Fifth Amendment when it amounts to "punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," *United States v. Salerno*, 481 U.S. 739, 755 (1987). "A government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Id*. at 748. Whether a pretrial detention is unconstitutionally excessive is determined on a case-by-case basis. *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993). The district court's factual determinations are reviewed for clear error, while the ultimate determination of whether due process has been violated is reviewed *de novo*. *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000).

The Supreme Court did not decide what time is excessive, leaving that determination up to the district court on a case-by-case bases. Salerno, at 759. Other courts, however, have recognized prolonged pretrial detention on any of the statutory grounds for detention may violate due process. *See, United States v. Briggs,* 697 F.3d 98, 101 (2d Cir. 2012) (twenty-six-month

pretrial detention found not to violate due process); *United States v. Ojeda-Rios (Ojeda Rios 1),* 846 F.2d 167, 169 (2d Cir. 1988) (thirty-two-month detention with trial delayed several more months violates due process because some responsibility for delay lay with government); *United States v. Jackson,* 823 F .2d 4 (2d Cir. 1987) (eight-month delay was not yet a due process violation); *United States v. Melendez-Carrion,* 820 F.2d 56 (2d Cir. 1987) (nineteen-month pretrial plus four-month anticipated detention on grounds of risk of flight did not violate due process where the prosecutor lacked responsibility for the delay and the defendant was a strong flight risk); *United States v. Zannino,* 798 F.2d 544 (lst Cir. 1986) (sixteen-month detention resulting from defendant's medical problems not due process violation); *United States v. Accetturo,* 783 F.2d 382 (3d Cir. 1986) (at some point due process may require release); *United States v. Theron,* 782 F.2d 1510 (10th Cir. 1986) (four months too long where co-defendants at fault; court guided by reasonableness); *United States v. Archambault,* 240 F. Supp. 2d 1082, 1088 (D.S.D. 2002) (ordering release due to finding that further detention after nearly twenty months-would violate due process and become punitive under specific facts of case).

In reviewing the reasonableness of the detention, the Court should also consider 18 U.C.S. § 3142 which reads:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.[1]

At a previous setting, some eight months ago, the defense notified the Court that it was having difficulty due to the pandemic in preparing for trial and would not be ready for trial if the pandemic persisted. As a high-risk detainee, personal contact was unavailable. The detention

---

[1] Located at the very bottom of the section but does not appear to be numbered. Below 18 U.S.C. § 3142(i)(4)

facility only uses Zoom and it is limited in time and usefulness.  The discovery if multi-terabytes in size and impossible to be reviewed via Zoom.  Currently, counsel is unable to effective prepare for a trial this complex without the ability to have many long discovery sessions with the defendant.  If this were a street level drug case, there would be no problem, but this case involves years of medical care to patients whose charts must be individually reviewed, and videos needs to be reviewed.

Currently the Defendant is in detention after initially being granted ROR release from the magistrate judge on the appeal of that release order by the Government and they maintain the position that he should be detained.  Therefore, after confering with them, I made this position known to the Court as full disclosure of the parties' positions.

WHEREFORE Premise considered, the Defendant askes this Court to hold a hearing to determine if his continued detention violates the Due Process.

Respectfully submitted,

The
CLAIBORNE ✹ FERGUSON
Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 4th day of January 2020.

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)