# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**Vs.**        Cr. No.: 1:19-cr-10040-JDB

**JEFFREY W. YOUNG, Jr.,**
    **Defendant.**

## RESPONSE SUPPORTING ITS PRIVILEGE CLAIM

"The attorney-client privilege protects from disclosure `confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.'" *In re Grand Jury Subpoena ( United States v. Doe*), 886 F.2d 135, 137 (6th Cir. 1989) ("*Doe*") (quoting *In re Grand Jury Investigation*, 723 F.2d 447, 451 (6th Cir. 1983)). Whether the attorney-client privilege applies to a given situation is a mixed question of law and fact that is reviewed *de novo* on appeal. E.g., *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 293-94 (6th Cir. 2002) ("*Columbia/HCA Healthcare*").

This privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). Federal courts interpret the privilege's scope "guided by `the principles of the common law ... as interpreted by the courts ... in the light of reason and experience.'" *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)

(omissions in original) (quoting Fed. R. Evid. 501).  The privilege's primary purpose is to encourage "`full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Id*. at 403 (quoting *Upjohn*, 449 U.S. at 389).  This purpose is served equally whether a corporation or an individual is asserting the privilege. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985).  The attorney-client privilege is "narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997) (citing *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996)). However, its scope must be determined in light of its purpose of increasing full and frank communication. *Doe*, 886 F.2d at 137; see also *Columbia/HCA Healthcare*, 293 F.3d at 294 ("The privilege `applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice.'") (emphasis added) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986)).

ATTORNEY-CLIENT PROTECTED EMAILS

The Defendant has claimed privilege on some 100 emails between the defendant and a specific out-of-state attorney.  He claimes this privilege under the Attorney-Client Privilege doctrine.  The Sixth Circuit Court of Appeals has established eight "essential elements of the attorney-client privilege." *Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). See also *United States v. Goldfarb*, 328 F.2d 280 (6th Cir.), cert. denied, 377 U.S. 976 (1964). These elements are:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by

the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Donovan*, 755 F.2d at 1219, quoting *Goldfarb*, 328 F.2d at 281.

Applying these factors to the material sought to be protected from disclosure clearly indicate the privilege exists and that the objected to disclosure should not be made available to the other defendants or the United States.[1]

The emails contained on the privilege log all bear on the same set of facts that the Court will better understand after an *in camera* review. They are between the Defendant, Jeffrey Young and an attorney in another state. Legal advice on an unrelated matter was being sought. Advice and guidance were given, by this attorney, to his client, about his legal atter, in the course of normal representation of Mr. Young. This advice was made in confidence. He has not and does not waive any privilege of the material and seeks a ruling they are privileged under the attorney-client privilege. Therefore, upon review this Court should fine the material privileges and ordered sealed and undiscoverable by other Defendants or the Government.

DOCTOR-PATIENT PRIVILEGE

The two emails objected to under this privilege create a different problem. First is the limited scope of the State and Federal privilege. That is, that the privilege is actually the Psychiatrist-Patient Privilege (See, Tn. R. Evid. 501, Fed. R. Evid. 501, T.C.A. § 24-1-207) and the privilege covers any "licensed physician" and arguable anyone employed, or in this case,

---

[1] I will separately reference the two emails (the doctor-patient privilege) the Government objects to later in this response.

supervised by them.  If Mr. Young's communications were to be in any way related to "therapeutic counseling" than the information shall not be released, and the privilege applies.

To make this issue even more difficult, Mr. Young is not the privilege holder, but by law not allowed to disclose the information unless he receives consent from the privilege holder.  The privilege may be claimed by the patient, by his guardian or conservator, or by the personal representative of a deceased patient. The person who was the psychotherapist may claim the privilege but only on behalf of the patient.  His authority so to do is presumed in the absence of evidence to the contrary.  *In Re Zuniga*, 714 F.2d 632 (6th Cir. 1983) (discussion the since deleted Fed. R. Evid. 504).

Ultimately this Court should review the claimed-privileged communications that were between Mr. Young and his patient.  It is probable necessary to notify the potential claim holder that private confidential medical information could be released to third-parties.

WHEREFORE Premise considered, the Defendant askes this Court to review the claimed materials and rule that they should be exempt from disclosure to other parties in this litigation.

Respectfully submitted,

The
CLAIBORNE ⚜ FERGUSON
Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

    I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 10th day of February 2021.

<u>s/ Claiborne H. Ferguson</u>
CLAIBORNE H. FERGUSON (20457)