IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No.: 1:19-cr-10040-JTF |
| ) | |
| vs. ) | |
| ) | |
| JEFFREY W. YOUNG, Jr., ) | |
| ) | |
| Defendant. ) | |

## NOTICE CORRECTING THE RECORD FROM THE FEBRUARY 22, 2021 HEARING ON YOUNG'S DUE PROCESS MOTION

This filing is meant to correct what may have been an error by government counsel during a hearing on February 22, 2021, in which the Court heard argument on Young's motion seeking pretrial release on the basis that Young and his counsel are unable to prepare for trial due to restrictions at the facility where Young is detained. The government believes any such error is not of consequence to the decision rendered by the Court on Young's motion; however, the government files this correction with its apologies in an abundance of caution.

During the hearing, the government discussed *United States v. Foster*, No. 20-5548, 2020 WL 6791572 (6th Cir. July 20, 2020) (unpublished), on which the government relies in support of its position that Young should remain detained. The government may have inadvertently conveyed that the decision in *Foster* addressed the portion of the portion of the Bail Reform Act ("BRA") specifically concerning *pretrial preparation*, 18 U.S.C. § 3142(i), which is one of the bases of Young's Due Process motion, when in fact

that ground for release *was not* raised in *Foster*. *See Foster*, 2020 WL 6791572, at *1 n.1 (noting that the case before the court arose "only under subsection (f)" of the statute).

*Foster* nevertheless supports the Court's ruling on the portion of Young's motion arising out of Section 3142(i) because (1) both of the cases *Foster* cited to uphold detention in the face of a deprivation-of-counsel argument substantively similar to Young's rejected the argument that § 3142(i)'s pretrial preparation language justified release;[1] (2) *Foster* reasoned that "limited contact with counsel due to COVID-19 concerns is not sufficient to violate th[e] right [to counsel] if there are still opportunities for significant trial preparation," *id.*; and (3) *Foster* resulted in an order (from which counsel for the government read during the February 22 hearing) that fashioned an alternative accommodation, short of pretrial release, through which the defendant could adequately review voluminous evidence to prepare for his trial.

                                                                                        Respectfully submitted,

                                                                                        /s/ Drew Pennebaker
                                                                                        Andrew Pennebaker
                                                                                        Trial Attorney
                                                                                        U.S. Department of Justice
                                                                                       (202) 597-0683
                                                                                       Andrew.Pennebaker@usdoj.gov

---

[1] *See Foster*, 2020 WL 6791572, at *3; *United States v. Petters*, No. CR. 08-364(RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009); *United States v. Persico*, No. S 84 CR 809 (JFK), 1986 WL 3793, at *2 (S.D.N.Y. Mar. 27, 1986).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on February 22, 2021.

       */s/ Drew Pennebaker*
       Andrew Pennebaker
       Trial Attorney