UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CR-19-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN L. STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Stanton moves to dismiss the superseding indictment in this case in light of the Supreme Court's recent decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022). The Court ordered the United States to respond, *see* DE 204, and the United States timely filed its opposition. *See* DE 205. The matter is now ripe for review.

Stanton, a Tennessee physician, faces one count of conspiracy to unlawfully distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841. DE 74 (Superseding Indictment). These charges arise out of an alleged scheme, beginning in 2012, to issue illegitimate prescriptions at Stanton's Clarksville, Tennessee clinic, Gateway Medical Associates, P.C. ("GMA"). *See* DE 74 at 1-2. The indictment charges that Stanton, as part of the conspiracy, distributed drugs by writing prescriptions that were not issued for a legitimate medical purpose by an individual acting in the usual course of professional practice. DE 74 at ¶ 13.

I. **Legal Standard**

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v.*

1

*United States*, 94 S. Ct. 2887, 2907 (1974). "In particular, the indictment must: (1) 'set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008). "A party may raise an allegation that the indictment does not state an offense at any time, including post-trial or on appeal." *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir. 1999). In addition, Rule 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

**II.     Analysis**

Stanton, catalyzed by *Ruan*, alleges that because the indictment fails to charge him with knowingly acting in an unauthorized manner, it lacks a "'constitutionally adequate . . . [statement of] the elements of the offense charged.'" DE 203 at 1 (citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). Stanton argues that this omission renders the indictment legally insufficient, in violation of the Supreme Court's holdings in *Ruan* and *Hamling* and Federal Rule of Criminal Procedure 7(c)(1). *See* DE 203 at 1. The United States responds in turn that neither *Ruan*, nor the Controlled Substances Act, requires it to specifically allege a knowing lack of authorization in the indictment. *See* DE 205 at 2-3. Even so, the United States asserts that the superseding indictment sufficiently alleges that Stanton knowingly and intentionally acted in an unauthorized manner, consistent with *Ruan*'s recent illuminations. *See id.* at 4.

The superseding indictment in this case alleges that Stanton "and others . . . did conspire together and with others to knowingly and intentionally distribute controlled substances . . . pursuant to prescriptions that were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice, in violation of 21 U.S.C.

2

§ 841(a)(1)[.]" DE 74 at ¶ 13. Section 841(a)(1), in turn, provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]"

In *Ruan*, the Supreme Court held that the *mens rea* for a violation of § 841—knowingly and intentionally—also applies to the "except as authorized" clause. 142 S. Ct. at 2382. "Applying § 841's 'knowingly or intentionally' *mens rea* to the authorization clause thus 'helps advance the purpose of scienter, for it helps to separate wrongful conduct from innocent acts.'" *Id.* at 2377. Stanton argues that this holding means the United States must specifically allege in the indictment that Stanton knowingly and intentionally acted in an unauthorized manner. *See* DE 203 at 3-4. In response, the United States points to Section 885 under the CSA, which the Supreme Court also discussed in *Ruan*. Section 885(a)(1) expressly provides that "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment . . . and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit."

The Supreme Court, parsing the language of § 841, characterizes lawful, *i.e.* authorized, controlled substance prescriptions as an exception to the ban on distribution and thus criminal liability. In *Ruan*, the Court stated: "This means that, in a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." 142 S. Ct. at 2379. Indeed, the initial burden of production on authorization rests with the *defendant*. *See id.* at 2380 ("In a § 841 prosecution, then, once the defendant satisfies the initial burden of production by producing evidence of authorization, the burden of proving a lack of authorization shifts back to the Government."). *Ruan* does not require that the indictment allege knowing and intentional unauthorized prescription practices any more

3

specifically than is featured in the text here. The Court explained the limitation in § 885 as regulating the indictment and "hav[ing] little or nothing to do with scienter requirements." *Id.* at 2379. Rather, the bulk of the opinion in *Ruan* focuses on what the United States must prove *at trial* to secure a valid conviction—"[o]nce the defendant claims that he or she falls within the authorization exception and the burden shifts back to the Government, the Government must prove a lack of authorization by satisfying the ordinary criminal law burden of proof[.]" *Id.* at 2380.

Stanton's arguments under Rule 7 fair no better. Rule 7(c)(1) requires a plain and concise statement of the essential facts constituting the offense charged. The superseding indictment here more than satisfies that standard. It alleges that John Stanton, a physician and medical director of GMA, conspired with others to distribute and dispense controlled substances without a legitimate medical purpose and outside the usual course of professional practice. *See* DE 74, Count 1. As the Court has already found, this plainly tracks the language of the statute and puts Stanton on notice of the charge against him and the alleged foundational conduct. Further, as the Court has already determined that the indictment properly alleges all necessary elements of a § 841 offense, Stanton's right to grand jury presentment under the Fifth Amendment is also satisfied because the United States properly secured the superseding indictment from the grand jury. The Court finds no Rule 7 (or, correspondingly, constitutional) violation here.

Contrary to Stanton's arguments, the Supreme Court did not purport to alter the elements to be proved in an § 841 prosecution. Rather, it clarified the *mens rea* and the Government's burden of proof at trial for each necessary component of the charge, originating directly from the language of the statute (and the CSA structure) itself. Stanton incorrectly contends that the indictment does not allege the requisite *mens rea* for a § 841 conviction. The superseding indictment charges that Stanton conspired to "knowingly and intentionally distribute and dispense controlled substances . . . . pursuant to prescriptions that were not issued for a legitimate medical purpose by an individual

4

practitioner acting in the usual course of his . . . professional practice." DE 74 at ¶ 13. The charge qualifiers directly track what *Ruan* cited as the measure for authorization, namely the regulation at 21 C.F.R. § 1306.04(a). *See Ruan*, 142 S. Ct. at 2382 (calling this regulation "the regulation defining the scope of a doctor's prescribing authority"). Though not required under *Ruan* or the CSA, the superseding indictment here directly alleges that Stanton had a DEA registration (*see* DE 74 at ¶ 9) and knowingly and intentionally prescribed in an unauthorized manner in violation of § 841. The direct quotation of the regulatory boundary is the equivalent of, indeed a more granular way to allege, averring action without authority. The Sixth Circuit has previously held that where an "indictment clearly track[s] the language of the statute [it] thus contain[s] the elements of the offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *see also United States v. Collis*, 128 F.3d 313, 317 (6th Cir. 1997). Here, the superseding indictment does just that—it fully satisfies the directives of *Hamling*, *Ruan*, and Rule 7(c)(1).

Stanton passingly references potential violations of the constitutional rights of presentment, double jeopardy, and due process, via a footnote with no accompanying argument. *See* DE 203 at 4, n.3 ("Such constitutional guarantees may include, but are not limited to, the right to presentment . . . double jeopardy . . . and general due process safeguards."). The Court is not inclined to delve deeply into footnoted claims, as it has already found the indictment legally sufficient under controlling standards. Stanton also argues potential constructive amendment at trial, but with similar inadequacy. *See id.* at 3, n.1 ("[P]roceeding using the same superseding indictment and potentially changed jury instructions could expose Stanton to conviction via constructive amendment.") (internal citations omitted). "A constructive amendment 'results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment."

5

*United States v. Mize*, 814 F.3d 401, 409 (6th Cir. 2016) (citing *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005)). Here, the indictment adequately alleges all necessary elements of an § 841 offense, including knowing or intentional lack of authorization. Proof of each of these components must be presented at trial and weighed by the jury. As stated, Stanton provides little to no argument on this point, and the Court sees no reason, at least on this record, to fear that a constructive amendment would occur. *Ruan* shed light on the *mens rea* but did not reformulate the charge, which the indictment sufficiently captures.

Finally, the Court rejects suggestion that the United States's proposed jury instructions somehow contribute toward dismissal. *See* DE 203 at 3. The proposed jury instructions have no bearing on the sufficiency of the indictment, as the United States correctly points out. *See* DE 205 at 3, n.1. Further, the United States's proposals for jury instructions are not necessarily what the Court will use at trial. The Court will reach final instructions, with input from both sides, in the normal course. The sequencing has no bearing on the indictment's soundness.

### III. Conclusion

The Court **DENIES** DE 203. Stanton overstates the *Ruan* effect, with respect to charge formulation. Further, the indictment accurately reflects the *mens rea* and elements of the § 846 charge to be tried.

This the 17th day of August, 2022.

Signed By:
*Robert E. Wier* REW
United States District Judge

6