**UNITED STATES DISTRICT COURT**
**THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No: 19-cr-10040** |
| | ) | |
| **JEFFREY YOUNG** | ) | |
| **ANDREW RUDIN** | ) | |
| | ) | |
| **Defendants** | ) | |

*******************

The United States hereby submits the following proposed jury instructions. Unless otherwise noted, the following instructions are taken directly from the Sixth Circuit Pattern Jury Instructions.[1]  Additionally, the United States has attached a proposed verdict form.

The United States respectfully reserves the right to withdraw or submit additional instructions if the evidence at the trial so warrants or as the Court otherwise permits.

Respectfully Submitted,

KEVIN G. RITZ
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION

By: *s/Dermot Lynch*
Dermot Lynch
Andrew Pennebaker
Katherine Payerle
Criminal Division
Fraud Section
1400 New York Ave., NW
Washington, D.C. 20005
Dermot.Lynch@usdoj.gov
202-591-6015

---

[1]  The corresponding Pattern Instruction number is listed at the top of each proposed instruction.

**1.01**
**Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the Defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**1.02**
**Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**1.03**
**Presumption of Innocence**
**Burden of Proof**
**Reasonable Doubt**

As you know, the Defendants have pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the Defendants what crime they are accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

This means that the Defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the Defendants not guilty unless the government convinces you beyond a reasonable doubt that the Defendants is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are

convinced that the government has proved the Defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**1.04**
**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.05**
**Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**1.06**
**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 1.07
## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest?   Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something [or failed to say or do something] at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)   And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable?   If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**1.08**
**Number of Witnesses**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**1.09**
**Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**
**Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendants are only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the Defendants guilty. Do not let the possible guilt of others influence your decision in any way.

**2.01D**
**Separate Consideration—Multiple Defendants Charged**
**With Different Crimes**

The Defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

**Instructions Related to Count 1:**
**Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 846**

Count 1 of the indictment charges Jeffrey Young and Andrew Rudin with conspiring together and with others to unlawfully distribute quantities of oxycodone, hydrocodone, and fentanyl—which are Schedule II controlled substances—pursuant to prescriptions that were not authorized, that is, were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find either defendant guilty of Count 1, the government must prove both of the following elements beyond a reasonable doubt:

**(1) First,** that two or more persons conspired, or agreed, to knowingly or intentionally distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice.

and

**(2) Second,** that the defendants, knowing that such prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, voluntarily joined the conspiracy with knowledge of its purpose.

Now I will give you more detailed instructions on some of these terms:

**Criminal Agreement**

Regarding the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly or intentionally distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is

not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses the defendants of conspiring to commit several drug crimes. The government does not have to prove that either defendant agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge against that defendant.

**Connection to Conspiracy**

With regard to the second element—a defendant's connection to the conspiracy—the government must prove that the defendant knowingly and voluntarily joined that agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drugs involved were hydrocodone and oxycodone. It is enough that the defendant knew that the drugs involved, if any, were some kind of controlled substance.

Nor does this require proof that the defendant knew how much of a given controlled substance was involved. It is enough that the defendant knew that some quantity was involved.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to the conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

* * *

In order to find the defendant guilty of the conspiracy charge, you must be convinced that the government has proved all conspiracy elements beyond a reasonable doubt as to the defendant.

**SOURCE**: Pattern Crim. Jury Instr. 6th Cir. § 14.05 (2021 ed.); *Ruan v. United States*, 142 S. Ct. 2370 (2022); Final Jury Instructions at 17-18, *United States v. La*, No. 3:22-cr-00163 (M.D. Tenn.) (filed July 19, 2022) (attached as Exhibit A); Final Instructions at 13, *United States v. Stanton*, No. 6:21-cr-19-REW-HAI (filed E.D. Ky. Aug. 31, 2022) (attached as Exhibit B); Final Instructions at 18-19, *United States v. Suetholz*, No. 21-56-DLB-CJS (filed E.D. Ky. Sept. 12, 2022) (attached as Exhibit C).

**3.06**
**Unindicted, Unnamed or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy or persons involved in a crime be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**Instructions Related to Counts 2-7:**
**Unlawful Distribution of Controlled Substances To a Pregnant Individual, 21 U.S.C. §§ 841(a)(1) & 861(f)**

Jeffrey Young is charged with the crime of distributing oxycodone and hydrocodone, as detailed in Counts 2 – 7. Oxycodone and hydrocodone are controlled substances.

For you to find Jeffrey Young guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)   The defendant knowingly or intentionally distributed the controlled substance;

(B)   The defendant knew at the time of distribution that the substance was a controlled substance; and

(C)   The defendant knowingly or intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice.

(D)   The defendant knew that Patient HR was a pregnant individual.

\* \* \*

If you find that the government has proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of guilty for that count. If you find that the government has not proved beyond a reasonable doubt any one or more of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of not guilty as to that count.

**SOURCE:** Pattern Crim. Jury Instr. 6th Cir. § 14.02A (2021 ed.); *Ruan v. United States*, 142 S. Ct. 2370 (2022); Final Jury Instructions at 17-18, *United States v. La*, No. 3:22-cr-00163 (M.D. Tenn.) (filed July 19, 2022) (attached as Exhibit A here); Final Instructions at 13, *United States v. Stanton*, No. 6:21-cr-19 (filed E.D. Ky. Aug. 31, 2022) (attached as Exhibit B); Final Instructions at 18-19, *United States v. Suetholz*, No. 21-56 (filed E.D. Ky. Sept. 12, 2022) (attached as Exhibit C).

**Instructions Related to Counts 8-14:**
**Unlawful Distribution of Controlled Substances, 21 U.S.C. § 841(a)(1)**

Jeffrey Young is charged with the crime of distributing oxycodone and hydrocodone, as detailed in Counts 8 – 14. Oxycodone and hydrocodone are controlled substances.

For you to find Jeffrey Young guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    The defendant knowingly or intentionally distributed oxycodone and hydrocodone;

(B)    The defendant knew at the time of distribution that the substance was a controlled substance; and

(C)    The defendant knowingly or intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice.

\* \* \*

If you find that the government has proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of guilty for that count. If you find that the government has not proved beyond a reasonable doubt any one or more of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of not guilty as to that count.

**SOURCE:** Pattern Crim. Jury Instr. 6th Cir. § 14.02A (2021 ed.); *Ruan v. United States*, 142 S. Ct. 2370 (2022); Final Jury Instructions at 17-18, *United States v. La*, No. 3:22-cr-00163 (M.D. Tenn.) (filed July 19, 2022) (ECF 68) (attached as Exhibit A here); Final Instructions at 13, *United States v. Stanton*, No. 6:21-cr-19-REW-HAI (filed E.D. Ky. Aug. 31, 2022) (attached as Exhibit B); Final Instructions at 18-19, *United States v. Suetholz*, No. 21-56-DLB-CJS (circulated E.D. Ky. Sept. 12, 2022 (attached as Exhibit C).

**Instructions Related to Count 15**
**Maintaining Drug-Involved Premises, 21 U.S.C. § 856(a)**

Count 15 of the Indictment charges Jeffrey Young with violating 21 U.S.C. § 856(a), which makes it a crime for anyone knowingly to open, lease, use, or maintain any place for the purpose of distributing any controlled substance. Oxycodone, fentanyl, and hydrocodone are controlled substances within the meaning of this law.

For you to find the Defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

*First,* that the Defendant knowingly and intentionally opened, leased, used, or maintained a place, Preventagenix; and

*Second,* the Defendant did so for the purpose of unlawfully dispensing a controlled substance.

The phrase **"for the purpose of distributing a controlled substance"** means that drug distribution was a significant or important reason for which the defendant opened, leased, used, or maintained the premises. But the government is not required to prove that drug distribution was the Defendant's primary or sole purpose for doing so. In other words, the government is not required to prove that only that drug activity was a significant reason why defendant opened, leased, used, or maintained the place.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt that the Defendant opened, leased, used, or maintained a drug involved premises, then you should find the Defendant guilty of maintaining a drug involved premises. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the Defendant not guilty of this charge.

**Source:** *United States v. Russell*, 595 F.3d 633, 642 (6th Cir. 2010); Fifth Circuit Pattern Jury Instruction 2.97; Final Instructions at 21-22 *United States v. Jones*, No. 6:18-cr-00030 (E.D. Ky, filed Feb. 7, 2019) (attached as Exhibit D).

**Definitions Related to Counts 1-15**
**Distribution of Controlled Substances**

Now I will give you more detailed instructions on some of the terms used to describe what is alleged in Counts 1-15 of the Indictment,

**Distribute**

The term **"distribute"** means the delivery or transfer of a controlled substance. The term includes the actual, constructive, or attempted transfer of a controlled substance. To distribute includes the act of writing a prescription for a controlled substance.

**Prescriptions**

Licensed physicians are authorized to distribute controlled substances through valid prescriptions. A prescription is authorized only when it is issued for a legitimate medical purpose by an individual practitioner acting m the usual course of professional practice. The term "practitioner" includes a physician that is licensed by the jurisdiction in which he practices to distribute a controlled substance in the course of professional practice.

**"Usual Course of Professional Practice"**

The term "usual course of professional practice" means a course of treatment in accordance with a generally recognized and accepted standard of medical practice. You have heard testimony or seen exhibits about what may constitute the usual course of professional practice for prescribing controlled substances, and you are to weigh that evidence the same way that you would weigh any other evidence in this case. In considering whether the defendant or an alleged conspirator issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the practitioner's actions and the circumstances surrounding them. For you to find the defendant guilty, the government must prove to you beyond a reasonable doubt that the defendant knowingly and voluntarily joined the conspiracy (or agreement) and knew or intended

that the prescriptions at issue were not written for a legitimate medical purpose by a practitioner

acting in the usual course of professional practice.

**SOURCE:** Pattern Crim. Jury Instr. 6th Cir. § 14.02A (2021 ed.); *Ruan v. United States*, 142 S. Ct. 2370 (2022); Final Jury Instructions at 17-18, *United States v. La*, No. 3:22-cr-00163 (M.D. Tenn.) (filed July 19, 2022) (ECF 68) (attached as Exhibit A here); Final Instructions at 13, *United States v. Stanton*, No. 6:21-cr-19-REW-HAI (filed E.D. Ky. Aug. 31, 2022) (attached as Exhibit B); Final Instructions at 18-19, *United States v. Suetholz*, No. 21-56-DLB-CJS (circulated E.D. Ky. Sept. 12, 2022 (attached as Exhibit C).

**2.04**
**Dates in the Indictment**

Next, I want to say a word about the dates mentioned in the Indictment. The Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

**4.01**
**Aiding and Abetting**

For you to find Jeffrey Young guilty of Counts 2-15, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped [or encouraged] someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Jeffrey Young guilty of Counts 2-15 as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt

*First*, that the crime of charged in the count was committed.

*Second*, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And *third*, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Counts 2-15 as an aider and abettor.

**2.08**
**Inferring Required Mental State**

Next, I want to explain something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

**2.09**
**Deliberate Ignorance**

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that prescriptions he issued or agreed would be issued were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, then you may find that he knew that this was the case.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, and that the defendant deliberately closed his eyes to what was obvious. Carelessness or negligence or foolishness on the defendant's part is not the same as knowledge and would not be enough to convict. This, of course, is all for you to decide.

**SOURCE:** Sixth Circuit Pattern Jury Instructions 2.09, 14.02; *see also United States v. Myint*, 455 F. App'x 596, 604 (6th Cir. 2012); *United States v. Williams*, 612 F.3d 500, 507-08 (6th Cir. 2010); Final Jury Instructions at 16; *United States v. La*, No. 3:22-cr-00163 (M.D. Tenn) (Filed July 19, 2022) (attached as Exhibit A here); Final Jury Instructions at 22, *United States v. Stanton* No. 6:21-cr-19 (E.D. Ky. filed Aug. 31, 2022).

**2.12**
**Use of the Word "And" in the Indictment**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**7.01**

**Introduction**

That concludes the part of my instructions explaining the elements of the crime. Next, I

will explain some rules that you must use in considering some of the testimony and evidence.

**7.02A**
**Defendant's Failure to Testify [IF NEEDED]**

A Defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the Defendant guilty beyond a reasonable doubt. It is not up to either Defendant to prove that he is innocent.

**7.02B**
**Defendant's Testimony [IF NEEDED]**

You have heard the Defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the Defendant's testimony.

**7.03**
**Opinion Testimony**

You have heard the testimony of [    ], who testified as opinion witnesses. You do not have to accept his opinions. In deciding how much weight to give those opinions, you should consider each witness's qualification and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**7.03A**
**Witness Testifying to Both Facts and Opinions**

You have also heard the testimony of [   ], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept [Witness'] opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how he/she reached his/her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**7.12**
**Summaries Not Admitted in Evidence**

You have seen some summaries, charts, calculations, or similar material that may help explain the evidence. That is their only purpose, to help explain the evidence. They are not themselves evidence or proof of any facts.

**7.12A**
**Secondary-Evidence Summaries Admitted in Evidence**

During the trial you have seen or heard summary evidence in the form of summaries, charts, drawings, testimony, and similar material. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented. But the summaries themselves are not evidence of the material they summarize and are only as valid and reliable as the underlying material they summarize.

**7.13**
**Other Acts of Defendant**

You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for , not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

**7.14**
**False Exculpatory Statements [IF NEEDED]**

You have heard testimony that after the crime was supposed to have been committed, the Defendant made false exculpatory statements.

If you believe that the defendant made false exculpatory statements, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may make such statements for some other reason. The Defendant has no obligation to prove that he had an innocent reason for his conduct.

**7.17**
**Transcriptions Of Recordings [IF NEEDED]**

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were shown to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

**7.20**
**Statement By Defendant**

You have heard evidence that the defendants made statements in which the government claims they admitted certain facts. It is for you to decide whether either defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

**8.01**
**Introduction**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

A hard copy of all paper exhibits that were admitted in evidence will be provided to you. Exhibits admitted in an electronic format will be provided to you in a digital format and a computer will be provided for you to view such exhibits during your deliberations. If you have questions about how to access an exhibit, alert the Court.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**8.02**
**Research / Investigation / Outside Communications**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important, indeed required, that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**8.03**
**Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**8.04**
**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each Defendant's guilt beyond a reasonable doubt.

**8.05**
**Punishment**

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

**8.06**
**Verdict Form**

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the Defendant guilty of the charge in the Indictment beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

If you decide that the government has not proved the Defendant guilty of the charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign and write the date on the form, in the spaces indicated. Once you have completed, signed, and dated the Verdict Form, alert the CSO that you have a verdict.

**8.08**
**Verdict Limited to Charges Against This Defendant**

Remember that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this Defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**8.09**
**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a Defendant guilty beyond a reasonable doubt.

**8.10**
**Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same is true for your notes based on those statements and arguments. Your decision should be based only on the evidence, as I have defined it in these instructions, and nothing else.

# UNITED STATES DISTRICT COURT
## THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | )　　　**No: 19-cr-10040** |
| | ) |
| **JEFFREY YOUNG** | ) |
| **ANDREW RUDIN** | ) |
| | ) |
| **Defendants** | ) |

*********************

As to the charge contained in Count One of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count One of the Indictment we the jury find the defendant **Andrew Rudin**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count Two of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count Three of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count Four of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count Five of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY　　　　　　　_____ NOT GUILTY

As to the charge contained in Count Six of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Seven of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Eight of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Nine of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Ten of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Eleven of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Twelve of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Thirteen of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY


As to the charge contained in Count Fourteen of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                    _____ NOT GUILTY

As to the charge contained in Count Fifteen of the Indictment, we the jury find the defendant **Jeffrey Young**

_____ GUILTY                          _____ NOT GUILTY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded via ECF to attorneys

for the Defendant on October 28, 2022.

*/s/Dermot Lynch*