UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**F I L E D**

AUG 3 1 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-19-REW-HAI-4 |
| v. | ) | |
| | ) | JURY INSTRUCTIONS |
| JOHN L. STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

### **Instruction # 1: Introduction (General Principles)**

Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules you must use in evaluating particular testimony and evidence.

And last, I will explain the rules you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

### Instruction # 2: Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt on each charge. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

## **Instruction # 3: Presumption of Innocence, Burden of Proof, Reasonable Doubt**

As you know, the defendant has pleaded not guilty to the crime charged in the indictment (here called the Superseding Indictment). The indictment is not any evidence at all of guilt. It is just the formal way the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt at trial.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, convincing you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty of a charge unless the government convinces you beyond a reasonable doubt that he is guilty of that charge.

The government must prove every element of any crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

3

## Instruction # 4: Evidence Defined

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I may have stricken things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

## Instruction # 5: Consideration of Evidence

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## Instruction # 6: Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## **Instruction # 7: Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence,

7

remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

8

## **Instruction # 8: Number of Witnesses**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based on the number of witnesses who testified. What is important is how believable the witnesses were, and how much weight you think the testimony of each witness deserves. Concentrate on that, not the numbers.

## **Instruction # 9: Lawyers' Objections**

There is one more general subject I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were neutral and based on the rules of evidence, not on any feeling or sense I have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court and these instructions.

10

## <u>Instruction # 10: Introduction (Defining the Alleged Crime)</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is on trial only for the particular crime charged in the indictment. The defendant is not on trial for other alleged acts or wrongs. Your job is therefore limited to deciding whether the government has proved the defendant guilty of the crime charged against him in the indictment and no others.

Also keep in mind that whether anyone else should be prosecuted and convicted for the alleged crime is not a proper matter for you to consider. Your job is to decide if the government has proved the defendant guilty as to the particular charge. Do not let the possible guilt of others influence your decision in any way.

## **Instruction # 11: Overview**

The indictment charges the defendant John L. Stanton with a single crime: conspiracy to distribute controlled substances.

I will now explain this crime.

### Instruction # 12: Count 1, Conspiracy to Distribute
### Controlled Substances (21 U.S.C. § 846)

**Count 1** of the indictment charges **John L. Stanton** with conspiring together and with others to unlawfully distribute quantities of oxycodone, oxymorphone, and methadone—which are Schedule II controlled substances—and benzodiazepines, including alprazolam—which are Schedule IV controlled substances—pursuant to prescriptions that were not authorized, that is, were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of Count 1, the government must prove both of the following elements beyond a reasonable doubt:

(1) **First**, that two or more persons conspired, or agreed, to knowingly or intentionally distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice.

**and**

(2) **Second**, that the defendant, knowing that such prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, voluntarily joined the conspiracy with knowledge of its purpose.

Now I will give you more detailed instructions on some of these terms:

### Criminal Agreement

Regarding the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly or intentionally distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice.

This does not require proof of any formal agreement, written or spoken. Nor does this

require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute controlled substances through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses the defendant of conspiring to commit several drug crimes. The government does not have to prove that the defendant agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

### Connection to Conspiracy

With regard to the **second element** – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was

14

substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drugs involved were oxycodone, oxymorphone, methadone, or benzodiazepines such as alprazolam. It is enough that the defendant knew that the drugs involved, if any, were some kind of controlled substance.

Nor does this require proof that the defendant knew how much of a given controlled substance was involved. It is enough that the defendant knew that some quantity was involved.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to the conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now I will provide you with some definitions related to these elements:

### Distribute

The term "**distribute**" means the delivery or transfer of a controlled substance. The term includes the actual, constructive, or attempted transfer of a controlled substance. To distribute includes the act of writing a prescription for a controlled substance.

### Prescriptions

Licensed physicians are authorized to distribute controlled substances through valid prescriptions. A prescription is authorized only when it is issued for a legitimate medical purpose

by an individual practitioner acting in the usual course of professional practice. The term "practitioner" includes a physician that is licensed by the jurisdiction in which he practices to distribute a controlled substance in the course of professional practice.

In this case, as to the charged conspiracy, the United States must prove beyond a reasonable doubt that the conspiracy included an agreement that the defendant or a coconspirator would distribute controlled substances through unauthorized prescriptions, meaning prescriptions that the defendant knew were not issued or intended not to be issued for a legitimate medical purpose in the usual course of professional practice.

### "Usual Course of Professional Practice"

The term "usual course of professional practice" means a course of treatment in accordance with a generally recognized and accepted standard of medical practice. You have heard testimony or seen exhibits about what may constitute the usual course of professional practice for prescribing controlled substances, and you are to weigh that evidence the same way that you would weigh any other evidence in this case. In considering whether the defendant or an alleged conspirator issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the practitioner's actions and the circumstances surrounding them. For you to find the defendant guilty, the government must prove to you beyond a reasonable doubt that the defendant knowingly and voluntarily joined the conspiracy (or agreement) and knew or intended that the prescriptions at issue were not written for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

\* \* \*

In order to find the defendant guilty of the conspiracy charge, you must be convinced that the government has proved all conspiracy elements beyond a reasonable doubt as to the defendant.

16

## **Instruction # 13: Unindicted, Unnamed or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy or persons involved in a crime be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## **Instruction # 14: Venue**

Now, some of the events that you have heard about allegedly happened in other places. There is no requirement that the entire conspiracy take place here in the Eastern District of Kentucky. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement or one of the acts in furtherance of the charged conspiracy took place here in the Eastern District of Kentucky.

Unlike all the other elements that I have described, this is a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here, in this District.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

18

### Instruction # 15: Use of the Word "and" in the Indictment

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## Instruction # 16: Dates in the Indictment

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crime occurred "on or about" certain dates.

The government does not have to prove that the respective crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

## **Instruction # 17: Inferring Required Mental State**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.

This, of course, is all for you to decide.

21

## **Instruction # 18: Deliberate Ignorance**

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that prescriptions he issued or agreed would be issued at GMA were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, then you may find that he knew that this was the case.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, and that the defendant deliberately closed his eyes to what was obvious. Carelessness or negligence or foolishness on the defendant's part is not the same as knowledge and would not be enough to convict. This, of course, is all for you to decide.

## **Instruction # 19: Introduction (Evidentiary Matters)**

That concludes the part of my instructions explaining the elements of the crime and the defendant's position. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## **Instruction # 20: Defendant's Testimony**

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## **Instruction # 21: Opinion Testimony**

You have heard the testimony of Jill Lee and Dr. Timothy King, who each testified as an opinion witness. You do not have to accept any witness's opinions. In deciding how much weight to give those opinions, you should consider the witness's qualifications and how he or she reached any conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Instruction # 22: Witnesses Testifying to Both Facts and Opinions

You have heard the testimony of Kyle Sizemore, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the witness's opinions. In deciding how much weight to give them, you should consider his qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

26

## Instruction # 23: Testimony of a Witness with a Hope or Expectation of Reduced Criminal Liability

You have heard the testimony of James Maccarone, Jeffery Ghent, Terry Prince, and John Pasternak. You have also heard that the government may recommend a reduced sentence in exchange for cooperation by these particular witnesses.

It is permissible for the government to make such an offer. But you should consider each such witness's testimony with more caution than the testimony of other witnesses. Consider whether any such witness's testimony may have been influenced by the government's offer.

Do not convict the defendant based on the unsupported testimony of any such witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

## **Instruction # 24: Testimony of an Accomplice**

You have heard the testimony of James Maccarone, Jeffery Ghent, Terry Prince, and John Pasternak. You have also heard that each of these witnesses was allegedly involved in the same crime that the defendant is charged with committing. You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

The fact that these witnesses have pleaded guilty to a crime is not evidence that the defendant is guilty in this case, and you cannot consider this against the defendant in any way.

### Instruction # 25: Statements by Defendant

You have heard evidence that John L. Stanton made statement(s) in which the government claims he admitted certain facts. It is for you to decide whether the defendant made any statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

## Instruction # 26: Summaries Not Admitted in Evidence

You have seen some summaries, charts, calculations, or similar material that may help explain the evidence. That is their only purpose, to help explain the evidence. They are not themselves evidence or proof of any facts.

## Instruction # 27: Secondary-Evidence Summaries Admitted in Evidence

During the trial you have seen or heard summary evidence in the form of summaries, charts, drawings, testimony, and similar material. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

But the summaries themselves are not evidence of the material they summarize and are only as valid and reliable as the underlying material they summarize.

**Instruction # 28: Displayed Statutes or Regulations**

You have seen or heard about several Tennessee statutes and regulations. A violation of these statutes or regulations does not establish any element of the crime charged here, but you may consider the Tennessee framework in evaluating the duties, obligations, and standards of a Tennessee practitioner associated with a pain management clinic. Even if you believe that some prescriptions were not allowable under the applicable statutes and regulations, the defendant cannot be convicted of a crime merely for breaching these statutes and regulations. Instruction # 12 defines the elements of the crime charge.

These statutes and regulations may be relevant to defining the usual course of professional practice and legitimate medical purpose. The government must prove in this case that the conspiracy included an agreement that the defendant or a coconspirator would distribute controlled substances through unauthorized prescriptions, meaning prescriptions that the defendant knew were not issued or intended not to be issued for a legitimate medical purpose in the usual course of professional practice.

To find the defendant guilty of the crime, you must find that the government proved all elements of that crime, as described in the prior instructions, beyond a reasonable doubt.

## **Instruction # 29: False Exculpatory Statements**

You have heard testimony that after the crime was supposed to have been committed, the defendant allegedly made false exculpatory statements.

If you believe that the defendant made false exculpatory statements, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may make such statements for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

## Instruction # 30: Subtitling of Recordings

You have heard a recorded conversation that was received in evidence, and you were allowed to view subtitles that accompanied the recording.

Keep in mind that the subtitles are not evidence. They were shown to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the subtitles, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the subtitles as far as those parts are concerned.

## Instruction # 31: Introduction (Deliberations)

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officers (CSOs), or to me, or to anyone else except each other about the case. If you have a question or message, you must write it down on a piece of paper, have the foreperson sign it, fold the piece of paper such that no writing is outwardly visible, and then give it to the CSO. Typically, any questions or messages should be signed by and passed to the CSO through your foreperson. The CSO, without reading it, will then give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

A hard copy of any paper or physical exhibits that were admitted in evidence will be provided or available to you. Admitted electronic or digital evidence, if any, is available for your review. If you have questions about how to access an exhibit, alert the Court.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## **Instruction # 32: Juror Conduct**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. That is part of your solemn oath.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research or ask any question about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is required by law and by your oath that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is imperative that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and

a mistrial could result, which would require the entire trial process to start over. That juror also

would face potential consequences for violating the oath that I have described, and you each took.

## **Instruction # 33: Experiments, Research, and Investigation**

Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

### **Instruction # 34: Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinions as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same, of course, is true for your notes based on those statements and arguments. Use your notes to aid your memory and for nothing more. Your decision should be based only my instructions on the law, the evidence, as I have defined it, and nothing else.

## Instruction # 35: Unanimous Verdict

Your verdict as to the crime charged, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## **Instruction # 36: Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you finally are free to talk about the case in the jury room and to deliberate. To deliberate is to think about or discuss issues and decisions carefully. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Each juror is entitled to his or her views and opinions about the evidence and its weight. You must, however, follow the law as I have instructed.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Further, all deliberations must occur in the jury room with all jurors present. If any juror leaves the room for a break or other reason, suspend deliberations until the full group has reassembled.

41

## **Instruction # 37: Punishment**

If you decide that the government has proved the defendant guilty, it will be my role alone

to decide what the appropriate punishment should be.

Deciding punishment is not any part of your role—you are the triers of fact. It would violate

your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant

guilty beyond a reasonable doubt on the charge.

### Instruction # 38: Verdict Form

I have prepared a Verdict Form that you should use to record your verdict.

If you decide that the government has proved the defendant guilty beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form as to the charge. If you decide that the government has not proved the defendant guilty beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form as to the charge. After you have resolved the charge, your foreperson should then sign and write the date on the form, in the space indicated. Simply follow the instructions and prompts on the form. Once you have completed, signed, and dated the Verdict Form, alert the CSO that you have a verdict.

## **Instruction # 39: Additional Proceeding**

Lastly, depending on the verdict you reach, there may be a brief additional proceeding after you have returned your verdict. I will provide further instructions regarding that proceeding, as necessary, after you have finished deliberating and returned your verdict.

## Instruction # 40: Court Has No Opinion

Now, let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt. The Court is wholly neutral.

\*\*\*

**(That concludes my instructions.)**