**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 21-56-DLB-CJS**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**


**v.**                          **COURT'S INSTRUCTIONS TO THE JURY**


**DAVID W. SUETHOLZ, M.D.**                                          **DEFENDANT**

* * * * * * * * * * * * * * *

**INSTRUCTION NO. 1**

**INTRODUCTION**

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the Defendant is accused of committing.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)     Please listen very carefully to everything I say.


<u>Sixth Circuit Pattern Jury Instructions</u> § 1.01 (2021)

1

## <u>INSTRUCTION NO. 2</u>

**JURORS' DUTIES**

(1)    You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers may talk about the law during their arguments.  But if what they may say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)    Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

<u>Sixth Circuit Pattern Jury Instructions</u> § 1.02 (2021)

## INSTRUCTION NO. 3

**PRESUMPTION OF INNOCENCE**
**BURDEN OF PROOF**
**REASONABLE DOUBT**

(1)     As you know, the Defendant has pleaded not guilty to the crimes charged in the Superseding Indictment.  The Superseding Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the Defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

<u>Sixth Circuit Pattern Jury Instructions</u> § 1.03 (2021)

**INSTRUCTION NO. 4**

**EVIDENCE DEFINED**

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence and the stipulations that the lawyers agreed to.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore this.  Do not even think about it.  Do not speculate about what a witness might have said.  This is not evidence, and you are bound by your oath not to let it influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

Sixth Circuit Pattern Jury Instructions § 1.04 (2021)

## INSTRUCTION NO. 5

## CONSIDERATION OF EVIDENCE

(1)     You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)     In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)     The existence of an inference does not change or shift the burden of proof from the government to the Defendant.

Sixth Circuit Pattern Jury Instructions § 1.05 (2021)

## INSTRUCTION NO. 6

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Sixth Circuit Pattern Jury Instructions § 1.06 (2021)

## <u>INSTRUCTION NO. 7</u>

## CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)    And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Sixth Circuit Pattern Jury Instructions § 1.07 (2021)

## <u>INSTRUCTION NO. 8</u>

**NUMBER OF WITNESSES**

(1)    One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>Sixth Circuit Pattern Jury Instructions</u> § 1.08 (2021)

## INSTRUCTION NO. 9

## LAWYERS' OBJECTIONS

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Sixth Circuit Pattern Jury Instructions § 1.09 (2021)

## **INSTRUCTION NO. 10**

**INTRODUCTION: DEFINING THE CRIMES**

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the Superseding Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.


Sixth Circuit Pattern Criminal Jury Instructions § 2.01 (2021)

## INSTRUCTION NO. 11

### SEPARATE CONSIDERATION: SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

(1)     The Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Sixth Circuit Pattern Criminal Jury Instructions § 2.01A (2021)

## <u>INSTRUCTION NO. 12</u>

### ON OR ABOUT

(1)     Next, I want to say a word about the dates mentioned in the Superseding Indictment.

(2)     The Superseding Indictment charges that the crimes happened "on or about" various dates.  The government does not have to prove that the crimes happened on those exact dates.   But the government must prove that the crimes happened reasonably close to those dates.

<u>Sixth Circuit Pattern Jury Instructions</u> § 2.04 (2021)

14

## **INSTRUCTION NO. 13**

### **USE OF THE WORD "AND"**
### **IN THE SUPERSEDING INDICTMENT**

Although the Superseding Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions § 2.12 (2021)

## **INSTRUCTION NO. 14**

### **INFERRING REQUIRED MENTAL STATE**

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the Defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.


Sixth Circuit Pattern Jury Instructions § 2.08 (2021)

## INSTRUCTION NO. 15

### DELIBERATE IGNORANCE

(1)     Next, I want to explain something about proving a defendant's knowledge.

(2)     No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the Defendant deliberately ignored a high probability that he was prescribing controlled substances outside the usual course of professional practice without a legitimate medical purpose, then you may find that he knew he was doing so.

(3)     But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that he was prescribing controlled substances outside the usual course of professional practice without a legitimate medical purpose, and that the Defendant deliberately closed his eyes to what was obvious.  Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

Sixth Circuit Pattern Criminal Jury Instructions § 2.09 (2021)

### INSTRUCTION NO. 16

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**21 U.S.C. § 841(a)(1)**

(1)      Counts 1 through 25 of the Superseding Indictment charge the Defendant with the crime of distributing oxycodone, fentanyl, diazepam, clonazepam, zolpidem, tramadol, and alprazolam.  Each of these drugs is a controlled substance.  For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:  The Defendant knowingly or intentionally distributed oxycodone, fentanyl, diazepam, clonazepam, zolpidem, tramadol, and/or alprazolam;

Second: That the Defendant knew at the time of distribution that the substance was a controlled substance; and

Third: That the Defendant knowingly or intentionally acted in an unauthorized manner.

(2)      Now I will give you more detailed instructions on some of these terms.

(A)      The term "distribute" means the Defendant delivered or transferred a controlled substance.   To distribute includes the act of writing a prescription for a controlled substance.

(B)      The term "intentionally" means that the act was done deliberately.

(C)      The term "knowingly" means that the individual understands the nature of his conduct and has not acted through ignorance, mistake, or accident.

(D)      The phrase "acted in an unauthorized manner" means that the individual knowingly or intentionally issued the prescription without a legitimate medical purpose outside the usual course of professional practice.

18

(E)     The phrases "legitimate medical purpose" and "usual course of professional practice" mean acting in accordance with generally recognized and accepted standards of medical practice in the State of Kentucky.  You have heard testimony about what constitutes the usual course of professional practice and legitimate medical purpose for the prescription of controlled substances, and you are to weigh that evidence the same way that you would weigh any other evidence in this case.  In considering whether a defendant issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant's actions and the circumstances surrounding them.

For you to find the Defendant guilty, the government must prove beyond a reasonable doubt that, at the time he issued the controlled substance prescriptions, he knew that he was acting or he intended to act without a legitimate medical purpose outside the usual course of professional practice.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions § 14.02A (2021); *Xiulu Ruan v. United States*, 142 S. Ct. 2370 (2022); *United States v. La*, No. 3:22-CR-163 (M.D. Tenn. July 19, 2022), ECF No. 68 at 17-18; *United States v. Stanton*, No. 6:21-CR-19 (E.D. Ky. Aug. 31, 2022), ECF No. 241 at 13-16; *United States v. Bothra*, No. 2:18-CR-20800 (E.D. Mich. June 27, 2022), ECF No. 441 at 18; *United States v. Romano*, No. 2:19-CR-202, (S.D. Ohio Aug. 12, 2022), ECF No. 89 at 14-15

## **INSTRUCTION NO. 17**

### **INTRODUCTION: SPECIAL EVIDENTIARY MATTERS**

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

Sixth Circuit Pattern Jury Instructions § 7.01 (2021)

## <u>INSTRUCTION NO. 18</u>

**DEFENDANT'S ELECTION NOT TO TESTIFY**

(1)     A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

<u>Sixth Circuit Pattern Jury Instructions</u> § 7.02A (2021)

**INSTRUCTION NO. 19**

**OPINION TESTIMONY**

(1)     You have heard the testimony of Dr. Timothy Munzing and Dr. James Murphy who testified as opinion witnesses.

(2)     You do not have to accept Dr. Munzing or Dr. Murphy's opinion.  In deciding how much weight to give each opinion, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Sixth Circuit Pattern Jury Instructions § 7.03 (2021)

## <u>INSTRUCTION NO. 20</u>

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

(1)     You have heard the testimony of several witnesses.  You have also heard statements that were made before this trial that may be different from their testimony here in court.

(2)     The earlier statements were brought to your attention only to help you decide how believable that testimony was.  You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

<u>Sixth Circuit Pattern Jury Instructions</u> § 7.04 (2021)

## INSTRUCTION NO. 21

## CHARACTER AND REPUTATION OF DEFENDANT

You have heard testimony about the Defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crimes charged.

Sixth Circuit Pattern Jury Instructions § 7.09 (2021)

## INSTRUCTION NO. 22

**SECONDARY – EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

(1)     During the trial you have seen or heard summary evidence in the form of charts, drawings, calculations, or similar material.   This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2)     But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.


Sixth Circuit Pattern Jury Instructions § 7.12A (2021)

## <u>INSTRUCTION NO. 23</u>

**DEMONSTRATIVE MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar materials which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

<u>Sixth Circuit Pattern Jury Instructions</u> § 7.12 (2021)

**INSTRUCTION NO. 24**

**DEFENSE THEORY**

It is the theory of the defense that Dr. David Suetholz acted in good faith in medically treating his patients and dispensing drugs.  The defense submits that he treated his patients in a legitimate way, in their best interest, and that he was caring and considerate with all of them.  Dr. Suetholz's theory is based in part on the evidence that he has carefully examined and evaluated his patients, attempted to promote their health and well-being, and that he intended to help decrease their pain and increase their ability to function.  Therefore, it is his theory that he did not knowingly or intentionally dispense any of the controlled substances charged in the Superseding Indictment without a legitimate medical purpose outside the usual course of professional practice.


Sixth Circuit Pattern Criminal Jury Instructions § 6.01 (2021)

**INSTRUCTION NO. 25**

**LIMITING INSTRUCTIONS**

(1)     You have heard evidence that the Defendant was involved in a proceeding before the Kentucky Board of Medical Licensure.  The government has not charged the Defendant for the specific prescriptions that relate to that proceeding.  Accordingly, you may only consider evidence of this proceeding to determine whether a defendant knowingly or intentionally prescribed controlled substances without a legitimate medical purpose outside the usual course of professional practice.

(2)     One more thing about the Kentucky Board of Medical Licensure administrative proceedings.  A violation of a state regulation or rule is not, by its nature, a criminal offense.  Such a violation may subject a company or a person to civil penalties, but that is not the same thing as a crime.   A lower standard of proof, and different evidentiary rules, apply at such an administrative proceeding than apply at a criminal trial. To show that any defendant committed the charged criminal offenses, the government must prove all the elements of the crimes charged beyond a reasonable doubt as to that defendant.    Evidence that may prove a defendant's administrative liability for noncompliance with a regulation or a rule does not necessarily prove that he committed any of the crimes charged.  You are not bound by, and are free to reject, the Kentucky Board of Medical Licensure's findings about different issues, and different laws, under the lower proof standard I have described.

(3)     You have also heard evidence that two patients of the Defendant died.  The government has not alleged that the Defendant's prescribing was the "but for" or sole cause of D.K.'s death.  As to L.P., the government has not alleged that Defendant's

prescribing caused L.P.'s death.   Accordingly, you may only consider evidence of uncharged patient deaths to determine whether a defendant knowingly or intentionally prescribed controlled substances without a legitimate medical purpose outside the usual course of professional practice.

*United States v. Akers*, No. 7:19-CR-7 (E.D. Ky. Oct. 29, 2019), ECF No. 241 at 33; *United States v. Hofstetter*, No. 3:15-CR-27, 2019 WL 6718489, at *6 n.6 (E.D. Tenn. Dec. 9, 2019)

## **INSTRUCTION NO. 26**

### **STATEMENT BY DEFENDANT**

(1)     You have heard evidence that the Defendant made statements in which the government claims he admitted certain facts.  It is for you to decide whether the Defendant made those statements, and if so, how much weight they deserve.   In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the Defendant allegedly made them.

(2)     You may not convict a Defendant solely upon his own uncorroborated statements or admissions.

Sixth Circuit Pattern Jury Instructions § 7.20 (2021)

**INSTRUCTION NO. 27**

**JUDICIAL NOTICE**

I have decided to accept as proved the fact that Kenton County, Kentucky is within the Eastern District of Kentucky, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

Sixth Circuit Pattern Jury Instructions § 7.19 (2021)

## INSTRUCTION NO. 28

## INTRODUCTION DELIBERATIONS AND VERDICT

(1)    That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)    The first thing that you should do in the jury room is choose someone to be your foreperson.  How you choose your foreperson is entirely up to you.  This person will help to guide your discussions and will speak for you here in court.

(3)    Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)    One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Sixth Circuit Pattern Jury Instructions § 8.01 (2021)

## INSTRUCTION NO. 29

### USE OF NOTES

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.   You should rely upon your own independent recollection of the evidence, or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

<u>Sixth Circuit Pattern Jury Instructions</u> § 8.10 (2021)

## INSTRUCTION NO. 30

### EXPERIMENTS, RESEARCH, INVESTIGATION
### AND OUTSIDE COMMUNICATIONS

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Even using your smartphones, tablets, and computers — and the news and social media apps on those devices — may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations

because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Sixth Circuit Pattern Jury Instructions § 8.02 (2021)

## **INSTRUCTION NO. 31**

**UNANIMOUS VERDICT**

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2)     To find the Defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous as to each count.

Sixth Circuit Pattern Jury Instructions § 8.03 (2021)

## **INSTRUCTION NO. 32**

### **PUNISHMENT**

(1)     If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.


Sixth Circuit Pattern Jury Instructions § 8.05 (2021)

## **INSTRUCTION NO. 33**

### **VERDICT FORM**

(1)     I have prepared a verdict form that you should use to record your verdict.

(2)     If you decide that the government has proved the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form by placing his/her juror number in the designated place on the form, put the date on it, and return it to me.

Sixth Circuit Pattern Jury Instructions § 8.06 (2021)

## INSTRUCTION NO. 34

**VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT**

Remember that the Defendant is only on trial for the particular crimes charged in the Superseding Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Sixth Circuit Pattern Jury Instructions § 8.08 (2021)

## **INSTRUCTION NO. 35**

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the Defendant guilty beyond a reasonable doubt.


Sixth Circuit Pattern Jury Instructions § 8.09 (2021)

## <u>INSTRUCTION NO. 36</u>

**DUTY TO DELIBERATE**

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that— your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt.


<u>Sixth Circuit Pattern Jury Instructions</u> § 8.04 (2021)