UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**F I L E D**

FEB 0 7 2019

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal No. 6:18-cr-00030-GFVT-HAI-1 |
| | ) |
| V. | ) |
| | ) **JURY INSTRUCTIONS** |
| KIMBERLY JONES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The parties have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

As you know, the Defendant has pleaded not guilty to the crime charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crime she is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent. This presumption of innocence stays with her unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that she is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the Government to prove that she is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say

3

so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty

verdict.

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the parties agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The parties' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the parties asked. I may have also ruled that you could not see some of the exhibits that the parties wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which directly proves a fact. If a witness testified that he saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

8

inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## Introduction: Defining the Crime and Related Matters

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the Superseding Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged.

Also, keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the Government has proved this Defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

### Separate Consideration—Single Defendant Charged with Multiple Crimes

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

**Dates in the Superseding Indictment**

Next, I want to say a word about the dates mentioned in the Superseding Indictment and in the verdict form.

The Superseding Indictment charges that this crime happened "on or about" certain dates. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime happened reasonably close to those dates.

## **State of Mind**

Next, I want to explain something about proving the Defendant's state of mind. Ordinarily, there is no way that a Defendant's state of mind can be proven directly, because no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can be proven indirectly from the surrounding circumstances. This includes things like what a Defendant said, what a Defendant did, how a Defendant acted, and any other facts or circumstances in evidence that show what was in a Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

### Deliberate Ignorance

Next, I want to explain something about proving a Defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that the controlled substances identified in the Superseding Indictment were dispensed outside the usual course of professional practice and not for a legitimate medical purpose, then you may find that the Defendant knew this was the case. But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that the controlled substances identified in these counts were dispensed outside the usual course of professional practice and not for a legitimate medical purpose, and that the Defendant deliberately closed her eyes to what was obvious.

Likewise, if you are convinced that the Defendant deliberately ignored a high probability that there were fraudulent charges being billed to Medicare, Medicaid, and other insurers, then you may find that the Defendant knew that this was the case. But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that there were fraudulent charges being billed to Medicare, Medicaid, and other insurers, and that the Defendant deliberately closed her eyes to what was obvious.

Carelessness, or negligence, or foolishness on her part is not the same as knowledge and is not enough to convict. This, of course, is all for you to decide.

### Aiding and Abetting

The Superseding Indictment accuses the Defendant of a number of crimes. For you to find the Defendant guilty of any of those respective offenses, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of the crimes alleged in the Superseding Indictment, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     *First*, the crime alleged in the applicable count of the Superseding Indictment was committed;

(B)     *Second*, that the Defendant helped to commit the crime or encouraged someone to commit the crime; and

(C)     *Third*, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of that crime.

17

### Distribution of a Controlled Substance
### 21 U.S.C. § 841(a)(1)

Counts 1 through 35 of the Superseding Indictment charge the Defendant with the crime of distributing a Schedule II controlled substance outside the scope of professional practice and not for a legitimate medical purpose. Oxycodone, oxymorphone, and hydrocodone are all Schedule II controlled substances. For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the Defendant distributed or dispensed a Schedule II controlled substance (oxycodone, oxymorphone, or hydrocodone);

Second, that the Defendant acted knowingly and intentionally; and

Third, that the Defendant acted outside the scope of professional practice and not for a legitimate medical purpose.

Now I will give you more detailed instructions on some of these terms.

To prove that the Defendant **"knowingly or intentionally"** distributed or dispensed oxycodone, oxymorphone, or hydrocodone, the government does not need to show that the defendant knew the substance was oxycodone, oxymorphone, or hydrocodone. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much oxycodone, oxymorphone, or hydrocodone she dispensed or distributed. It is enough that the Defendant knew that she distributed some quantity of oxycodone, oxymorphone, or hydrocodone.

The term **"distribute"** means the Defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

18

The term "**dispense**" means to deliver a controlled substance to an ultimate user.

In determining whether the Defendant knowingly or intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions.

A prescription for a controlled substance must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. The term "**practitioner**" means a physician or other person who is licensed, registered or otherwise permitted by the United States or the jurisdiction in which he practices to distribute or dispense controlled substances for a legitimate medical purpose and in the usual course of professional practice.

The phrase "**usual course of professional practice**" means that the practitioner has acted in accordance with a standard of pharmaceutical practice generally recognized and accepted in the United States. The United States must prove beyond a reasonable doubt that the Defendant knowingly and intentionally distributed or dispensed the drugs listed in the Superseding Indictment other than in good faith in the usual course of professional practice, and in accordance with the standard of pharmaceutical practice generally recognized and accepted in the United States. Good faith in this context means judgment as to a patient's medical needs. It connotes an observance of conduct in accordance with what a pharmacist should reasonably believe to be proper pharmaceutical practice

19

Case 1:19-cr-00040-JTF-Document 247-64 Filed 10/28/22 Page 20 of 44 PageID 8108
Case 3:18-cr-00030-CF-VPM Doc #: 64 Filed: 02/07/19 Page 20 of 44 Page ID #:
325

       If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## Maintaining Drug-Involved Premises
## 21 U.S.C. § 856(a)

Count 36 of the Superseding Indictment charges the Defendant with violating 21 U.S.C. § 856(a), which makes it a crime for anyone knowingly to open, lease, use, or maintain any place for the purpose of distributing any controlled substance.

Oxycodone, oxymorphone, and hydrocodone are controlled substances within the meaning of this law.

For you to find the Defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

(A) *First*, that the Defendant knowingly and intentionally opened, leased, used, or maintained a place, Kim's Hometown Pharmacy; and

(B) *Second*, the Defendant did so for the purpose of unlawfully dispensing a controlled substance.

The phrase "**for the purpose of distributing a controlled substance**" means that drug distribution was a significant or important reason for which the defendant opened, leased, used, or maintained the premises. But the government is not required to prove that drug distribution was the Defendant's primary or sole purpose for doing so. In other words, the government is not required to prove that the drug activity was the defendant's primary purpose, only that drug activity was a significant reason why defendant opened, leased, used, or maintained the place.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt that the Defendant opened, leased, used, or maintained a drug involved premises, then you should find the Defendant guilty of maintaining a drug involved premises. If, on the other hand, you find from your consideration of all the

21

evidence that the government has failed to prove any one of these elements beyond a reasonable

doubt, then you should find the Defendant not guilty of this charge.

### Health Care Fraud
### 18 U.S.C. § 1347

Count 37 of the Superseding Indictment charges the Defendant with health care fraud in violation of 18 U.S.C. § 1347. For you to find the Defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) *First*, that the Defendant knowingly and willfully executed a scheme to defraud any health care benefit program, or to obtain, by means of false or fraudulent pretenses, representations, or promises money owned by, or in the control of, a health care benefit program, in connection with the delivery of health care benefits, items, or services.

    (B) *Second*, that the scheme related to a material fact or included a material misrepresentation or concealing of a material fact.

    (C) *Third*, that the Defendant had the intent to defraud.

The government need not prove that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute.

Now I will give you more detailed instructions on some of these terms.

A "**health care benefit program**" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the

23

health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

A "**scheme to defraud**" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "**false or fraudulent pretenses, representations, or promises**" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is done "**knowingly**" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

The word "**willfully**" means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids. That is to say, with bad purpose either to disobey or disregard the law. The Government need not prove that the Defendant had actual knowledge of the statute or specific intent to commit a violation of the statute, that the health care benefit program suffered any financial loss, that the defendant engaged in interstate commerce, or that the acts of the Defendant affected interstate commerce.

A misrepresentation or concealment is "**material**" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension. Claims for medically unnecessary services are material to health insurers.

To act with "**intent to defraud**" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

24

Case 1:19-cr-00018-CF-VPM Document 247-64 Filed 10/28/22 Page 25 of 44 PageID 3143
Case 1:18-cr-00030-CF-VPM Doc #: 64 Filed: 02/07/19 Page 25 of 44 Page ID #:
330

      If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

## Good Faith

A pharmacist's own individual treatment methods do not, by themselves, establish what constitutes a "usual course of professional practice." That is because the phrase "usual course of professional practice" means that the practitioner has acted in accordance with a standard of pharmaceutical practice generally recognized and accepted in the United States. In making medical judgments concerning the appropriate treatment for an individual, however, pharmacists have discretion to choose among a range of available options.

It is the theory of the defense that Ms. Jones filled her customers' prescriptions in good faith; did not intend to engage in health care fraud; and did not knowingly and intentionally maintain, manage and control, either permanently or temporarily, Kim's Hometown Pharmacy for the purpose of distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose. If a pharmacist dispenses a drug in good faith in the course of his or her professional practice, then the pharmacist has dispensed the drug for a legitimate medical purpose and in the usual course of accepted medical practice. That is, she has dispensed the drug lawfully.

"**Good faith**" in this context means good intentions and an honest exercise of professional judgment as to whether there was a legitimate medical purpose for a prescription. It means that Ms. Jones acted in accordance with what she reasonably believed to be proper medical practice. In considering whether Ms. Jones acted with a legitimate medical purpose and in the usual course of professional practice, you should consider all of Ms. Jones's actions and the circumstances surrounding them.

This case is not about whether Ms. Jones acted negligently or whether Ms. Jones committed malpractice. Rather, in order to find the Defendant guilty of these charges, you must

26

find that the government has proved beyond a reasonable doubt that the Defendant knowingly and intentionally distributed and/or dispensed controlled substances outside the usual course of professional practice and not for a legitimate medical purpose and/or had the intent to commit health care fraud.

## Special Evidentiary Matters

That concludes the part of my instructions explaining the elements of these crimes.  The

Defendant denies these allegations.

Case 1:19-cr-00003-JTF-V Document 247-64 Filed 10/28/22 Page 29 of 44 PageID 317
Case 6:18-cr-00030-GF-V Document Doc #: 64 Filed: 02/07/19 Page 29 of 44 - Page ID #:
334

**Defendant's Testimony**

You have heard the Defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the Defendant's testimony.

## Opinion Testimony

You have heard the testimony of Ms. Katie Busroe who testified as an opinion witness.

You do not have to accept Ms. Busroe's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Witness Testifying to Both Facts and Opinions

You have heard the testimony of Ms. Paula York who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Ms. York's opinions. In deciding how much weight to give their testimony, you should consider the witnesses' qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Summaries and Other Materials not Admitted in Evidence

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

**Secondary-Evidence Summaries Admitted in Evidence**

During the trial, you have seen or heard summary evidence in the form of charts, drawings, calculations, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes and is only as valid and reliable as the underlying material it summarizes.

**Judicial Notice**

I have decided to accept as proved the fact that Whitley County is in the Eastern District of Kentucky, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

## Jury Deliberation and Possible Verdicts

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

A hard copy of all exhibits that were admitted in evidence will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

35

Case 1:19-cr-00003-JTF-Document 247-64 Filed 10/28/21 Page 36 of 44 PageID 81/24
Case 1:18-cr-00003-GF-VPM Doc #: 64 Filed: 02/07/19 Page: 36 of 44 Page ID #:
341

### Communication, Research, and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.

In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only to you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of

these proceedings and a mistrial could result, which would require the entire trial process to start over.

## Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proven the Defendant guilty beyond a reasonable doubt.

## Punishment

If you decide that the Government has proven the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proven the Defendant guilty beyond a reasonable doubt.

## Verdict Form

The Court has prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proven the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proven the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and bring it to the Courtroom.

Please advise the court security officer that you are ready to return to the Courtroom. However, do not give your verdict form to the court security officer or to anyone else until I direct you to do so here in the Courtroom.

## Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

### Court Has No Opinion

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proven the Defendant guilty beyond a reasonable doubt.

## PARTIAL VERDICTS

(1) Members of the jury, you do not have to reach unanimous agreement on all the charges before returning a verdict on some of them. If you have reached unanimous agreement on some of the charges, you may return a verdict on those charges, and then continue deliberating on the others. You do not have to do this, but you can if you wish.

(2) If you do choose to return a verdict on some of the charges now, that verdict will be final. You will not be able to change your minds about it later on.

(3) Your other option is to wait until the end of your deliberations, and return all your verdicts then. The choice is yours.

(4) I would ask that you now return to the jury room and resume your deliberation. If you choose to return a partial verdict, please communicate that in writing.