IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No.: 1:19-cr-10040-JTF |
| ) | |
| vs. ) | |
| ) | |
| JEFFREY YOUNG and ) | |
| ANDREW RUDIN, MD ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO THEORIES ABOUT GOVERNMENT ACTOR MOTIVES FOR PROSECUTION**

Defendant Jeffrey Young has been in federal custody now for several years. During his time in custody, Young has spent a good deal of time on the prison phone regaling friends and family with conspiracy theories to explain why he is being prosecuted in this case. These alleged conspiracies are rooted in the perceived animus of his ex-wife, members of law enforcement, and prosecutors with the Department of Justice. Likewise, in an interview with investigators from the Tennessee Department of Health, Defendant Andrew Rudin blamed "a lot of haters" for his and Young's predicament.

By way of example, Young has articulated the following conspiracy theories in these calls:

- Young's ex-wife, Dawn, and his ex-business partner, Michael Briley, allegedly sent "haters"—apparently including members of law enforcement and prosecutors—on a "witch hunt" to get revenge;

- Task Force Officer Mark Wray's wife, who like Young is a Nurse Practitioner, allegedly wanted to take over Young's office space and steal his clientele; and

- The prosecutors allegedly go after "small fish"—independent, less well-heeled, immigrant health care workers—instead of bigger, better-financed ones in the interest of easily advancing their career.

The government is concerned that Young and Rudin may attempt to prejudice the jury with the same unfounded nonsense, which has nothing to do with whether the government has marshalled sufficient evidence to prove them guilty of the crimes with which they are charged. The government therefore respectfully requests that the Court preclude any evidence or argument by Defendants or their counsel that speculates as to the reasons for prosecution, animus by any party, or any other such conspiracy theories that are wholly irrelevant to the evidence of the crimes with which they are charged.

It is well-settled that these types of argument are inappropriate for the courtroom. *See, e.g.*, *United States v. Abboud*, 438 F.3d 554, 579–80 (6th Cir. 2006) (evidence of a prosecutor's vindictive motive is inadmissible at trial); *United States v. Clay*, 618 F.3d 946, 955–56 (8th Cir. 2010) (same); *United States v. Berrigan*, 482 F.2d 171, 174–76 (3d Cir. 1973) (same).

Respectfully submitted,

/s/ Drew Pennebaker
Andrew Pennebaker
Katherine Payerle
Trial Attorneys
U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on February 28, 2022.

       */s/ Drew Pennebaker*
       Andrew Pennebaker
       Trial Attorney