IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

Vs.                   Cr. No.: 1:19-cr-10040-JDB

**JEFFREY W. YOUNG, Jr.,**
   **Defendant.**

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

  Comes now, Claiborne H. Ferguson, for Jeffery W. Young, and hereby files this Response to the Government's Motion in Limine to Preclude Reference to Theories About Government Actor Motives for Prosecution.

  First and foremost, the people the Government mentions are not "Government Actor[s]." They are fact witnesses with a motivation to lie. There motives to lie is absolutely relevant and material to the case at hand. See, See, *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

**MEMORANDUM OF LAW**

  Before the Rules of Evidence were promulgated, the admissibility of evidence in the federal courts was governed in part by statutes or Rules, and in part by case law. See, e.g., Fed.Rule Civ.Proc. 43(a) (prior to 1975 amendment); Fed.Rule Crim.Proc. 26 (prior to 1975

amendment); *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); *Funk v. United State*s, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933); *Shepard v. United States*, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933). This Supreme Court had held in *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), that a trial court must allow some cross-examination of a witness to show bias. This holding was in accord with the overwhelming weight of authority in the state courts as reflected in Wigmore's classic treatise on the law of evidence. See id. at 691, 54 S.Ct., at 219, citing 3 J. Wigmore, Evidence § 1368 (2d ed. 1923); see also *District of Columbia v. Clawan*s, 300 U.S. 617, 630-633, 57 S.Ct. 660, 664-666, 81 L.Ed. 843 (1937). The Supreme Court's decision in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), holds that the Confrontation Clause of the Sixth Amendment requires a defendant to have some opportunity to show bias on the part of a prosecution witness.

With this state of unanimity confronting the drafters of the Federal Rules of Evidence, it's hardly likely that they intended to scuttle entirely the evidentiary availability of cross-examination for bias. One commentator, recognizing the omission of any express treatment of impeachment for bias, prejudice, or corruption, observes that the Rules "clearly contemplate the use of the above-mentioned grounds of impeachment." E. Cleary, McCormick on Evidence § 40, p. 85 (3d ed. 1984). Other commentators, without mentioning the omission, treat bias as a permissible and established basis of impeachment under the Rules. 3 D. Louisell & C. Mueller, Federal Evidence § 341, p. 470 (1979); 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 607[03] (1981).

This conclusion was obviously correct. Rule 401 defines as "relevant evidence" evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by the United States Constitution, by Act of Congress, or by applicable rule. A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony.

The correctness of the conclusion that the Rules contemplate impeachment by showing of bias is confirmed by the references to bias in the Advisory Committee Notes to Rules 608 and 610, and by the provisions allowing any party to attack credibility in Rule 607, and allowing cross-examination on "matters affecting the credibility of the witness" in Rule 611(b). The Courts of Appeals have upheld use of extrinsic evidence to show bias both before and after the adoption of the Federal Rules of Evidence. See, e.g., *United States v. James*, 609 F.2d 36, 46 (CA2 1979), cert. denied, 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980); *United States v. Frankenthal*, 582 F.2d 1102, 1106 (CA7 1978); *United States v. Brown*, 547 F.2d 438, 445-446 (CA8), cert. denied sub nom. *Hendrix v. United States*, 430 U.S. 937, 97 S.Ct. 1566, 51 L.Ed.2d 784 (1977); *United States v. Harvey*, 547 F.2d 720, 722 (CA2 1976); *United States v. Robinson*, 174 U.S.App.D.C. 224, 227-228, 530 F.2d 1076, 1079-1080 (1976); *United States v. Blackwood*, 456 F.2d 526, 530 (CA2), cert. denied, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 110 (1972).

Therefore, it is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption. In this connection, the comment of the Reporter for the Advisory Committee which drafted the Rules is apropos:

"In principle, under the Federal Rules no common law of evidence remains. 'All relevant evidence is admissible, except as otherwise provided. . . .' In reality, of course, the body of common law knowledge continues to exist, though in the somewhat altered form of a source of guidance in the exercise of delegated powers." Cleary, Preliminary Notes on Reading the Rules

of Evidence, 57 Neb.L.Rev. 908, 915 (1978) (footnote omitted).  See, *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984)

The Government is asking this Court to limit it's ability to impeach witnesses before the witnesses have even testified.  They are that relevant admissible evidence be ruled excluded without legal justification.

THEFREFORE, this Court should deny the Government's request.

Respectfully submitted,

The
CLAIBORNE �ખ FERGUSON
Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 9th day of March 2023.

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)