IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

Vs.                                                                                                                Cr. No.: 1:19-cr-10040-JDB

**JEFFREY W. YOUNG, Jr.,**
    **Defendant.**

**OBJECTION AND PROPOSED JURY INSTRUCTION**
Definitions Related to Counts 1-15

Comes now the defendant Jeffrey W. Young, Jr., throung counsel and proposes the following just instruction, as the Government's instruction fails to properly define the required *mens rea* element in this case pursuant to the *Ruan* decision.

**Instruction**

*AFTER THE INTRODUCTION…*

First, the government must prove beyond a reasonable doubt that the defendant distributed a controlled substance. . . .  *[or like language]*

Second, the government must prove beyond a reasonable doubt that the defendant distributed the controlled substance knowingly and intentionally. . . . *[or like language]*

Third, the government must prove beyond a reasonable doubt that the defendant prescribed or distributed the controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice.

In addition, the district court provided the following supplemental instructions: A practitioner may not be convicted of unlawful distribution of controlled substances when he distributes controlled substances in good faith to patients in the regular course of professional practice. Only the lawful acts of a practitioner, however, are exempted from prosecution under the law. A controlled substance is distributed by a practitioner in the usual course of his professional practice if the substance is distributed by him in good faith in medically treating a patient. Good faith is not merely a practitioner's sincere intention towards the people who come to see him, but, rather, it involves his sincerity in attempting to conduct himself in accordance with a standard of medical practice generally recognized and accepted in the country. Thus, good faith in this context means an honest effort to prescribe for a patient's condition in accordance with the standard of medical

practice generally recognized and accepted in the country. However, practitioners who act outside the usual course of professional practice and prescribe or distribute controlled substances for no legitimate medical purpose may be guilty of unlawful distribution of controlled substances.

*********

NOTE: Quoting *Ruan*, 597 U. S. ____ (2022) at 5, "[t]his means that once a defendant meets the burden of producing evidence that his or her conduct was "authorized," the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner."

Respectfully submitted,

                                          The
                            CLAIBORNE ✹ FERGUSON
                                  Law Firm, P.A.

                                  294 Washington Avenue
                                  Memphis, Tennessee 38103
                                  (901) 529-6400

                                  s/ Claiborne H. Ferguson
                                  CLAIBORNE H. FERGUSON (20457)
                                  Attorney for Defendant

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 27th day of March 2023.

                                  s/ Claiborne H. Ferguson
                                  CLAIBORNE H. FERGUSON (20457)