UNITED STATES OF AMERICA

VS.                                                                No.  1:19-10040

JEFF YOUNG

PRELIMINARY INSTRUCTIONS

JUDGE JOHN T. FOWLKES, JR.

My responsibilities as the judge in this trial are to make sure that the trial is run fairly and efficiently, to make decisions about evidence and to instruct you about the law that applies to this case.  You must take the law as I give it to you even if you personally disagree with it.  Nothing I say is meant to reflect my own opinion about the facts of the case.  As jurors, you are the ones that will decide this case.

Your responsibility as jurors is to decide what the facts of the case are.  This is your job, and no one else's.  You must think about all the evidence and all the testimony and then decide what each piece of evidence means and how important you think that it is.  This includes how much you believe what each of the witnesses said.  What you decide about any fact in this case is final.

When it is time for you to decide the case, you are only allowed to consider the evidence that was admitted in the case.  Evidence includes only the sworn testimony of witnesses who have testified, both in person and by deposition, the exhibits admitted into evidence, any stipulations of the parties and anything else I tell you to consider as evidence.

The questions the lawyers ask the witnesses are not evidence.  Only the answers are evidence.  You should not think that something is true just because one of the lawyers asks questions that assume or suggest that it is.

I may ask some of the witnesses questions myself.  These questions are not meant to reflect my opinion about the evidence.  If I ask questions, my only reason would be to ask about things that may not have been fully explored.

During the trial the lawyers may object to certain questions or statements made by the other lawyers or witnesses. I will rule on these objections according to the law. My rulings for or against one side or the other are not meant to reflect my opinions about the facts of the case.

Possible penalty should not influence your decision. It is the duty of the judge to fix the penalty within the limits provided by law.

You must not discuss the case with anyone, including your family or friends. You must not even discuss it with the other jurors until the time comes for you to decide the case. When it is time for you to decide the case, I will send you to the jury room. Then you should discuss the case among yourselves, but only in the jury room and only when all the jurors are there. When the trial is over, you may, if you wish, discuss the case with anyone.

If I call for a recess during the trial, I will either send you back to the jury room or allow you to leave the courtroom on your own and go about your business. But you must not discuss the case with anyone or let anyone discuss it with you or in your presence. If someone tries to do that, tell him or her to stop, and explain that as a juror you are not allowed to discuss the case. If he or she continues, leave and report the incident to one of the court security officers or to me as soon as you return to court, and it will be dealt with.

You must not talk to the defendant, the lawyers, or the witnesses about anything at all, even if it has nothing to do with the case.

It is very important that you only get information about the case in court, when you are acting as the jury and when the defendants, the lawyers, and I are all here.

During the course of the trial, you will receive all of the evidence you may properly consider to decide the case.  Because of this, you shall not attempt to do any research on your own or gather any information on your own that you think might be helpful.  Do not engage in any outside reading or internet investigation, or visit any places mentioned in the case, or try to learn about the case outside of the courtroom in any other manner.

I do not know whether there will be any media reports in the newspapers, on TV, or on the radio about this particular case.  However, out of an abundance of caution, I am directing you that while you are serving on this case, you will not watch or listen to any local news.  You, as jurors, must base your decision solely on the evidence and law you hear in the courtroom.

After all the evidence has been presented and after the lawyers have given their arguments, I will give you detailed instructions about the rules of law that apply in this case.  You should consider all of my instructions as a connected series.  Taken all together, they are the law you must follow.  After receiving the instructions of law, you will go to the jury room to decide on your verdict.  Your verdict must be unanimous.  That means that every juror must agree on it, and it must reflect the individual decision of each juror.

It is important for you to keep an open mind and not make a decision about anything in the case until you go to the jury room to decide the case.

The law presumes that the defendant is innocent of the charges against him, therefore, you as the jury, must enter upon this investigation with the presumption that the defendant is not guilty of any crime and this presumption stays with the defendant unless it is rebutted and overturned by competent and credible proof.  It is, therefore, incumbent upon the government, before you can convict the defendant, to establish to your satisfaction, beyond a reasonable doubt, that the crime charged in the indictment has been committed; that the same was committed within the Western District of Tennessee, before the indictment was returned and that the defendant on trial committed the crime in such manner that would make him guilty under the law as it has been defined and explained to you.

The government has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden never shifts but it remains on the government throughout the trial of the case.  The defendant is not required to prove his innocence.  The government must have proven beyond a reasonable doubt all of the elements of the crime charged and that it was committed before the finding and returning of the indictment in this case.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt".

A "reasonable doubt" is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that

you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

It is your job to decide what the facts of this case are. You must decide which witnesses you believe and how important you think their testimony is. You do not have to accept or reject everything a witness said. You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience. There is no fixed set of rules for judging whether you believe a witness, but it may help you to think about these questions:

(1) Was the witness able to see or hear clearly?

How long was the witness watching or listening?

Was anything else going on that might have

distracted the witness?

(2) Did the witness seem to have a good memory?

(3) How did the witness look and act while

testifying? Did the witness seem to be

making an honest effort to tell the truth,

or did the witness seem to evade the questions?

(4) Has there been any evidence presented regarding

the witness' intelligence, respectability or

reputation for truthfulness?

(5) Does the witness have any bias, prejudice, or

personal interest in how the case is decided?

(6) Have there been any promises, threats, suggestions, or other influences that affected how the witness testified?

(7) In general, does the witness have any special reason to tell the truth, or any special reason to swear to a falsehood?

(8) All in all, how reasonable does the witness's testimony seem when you think about all the other evidence in the case?

Sometimes the testimony of different witnesses will not agree, and you must decide which testimony you accept. You should think about whether the disagreement involves something important or not, and whether you think someone is lying or is simply mistaken. People see and hear things differently, and witnesses may testify honestly but simply be wrong about what they thought they saw or remembered. It is also a good idea to think about which testimony agrees best with the other evidence in the case.

However, you may conclude that a witness deliberately lied about something that is important to how you decide the case. If so, you may choose not to accept anything that witness said. On the other hand, if you think the witness lied about some things but told the truth about others, you may simply accept the part you think is true and ignore the rest.

Some of you might have heard the terms "circumstantial evidence" and "direct evidence." These are the two basic types of evidence that exist in law.

7

Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case. The Court instructs that you may consider both kinds of evidence, which are considered to be of equal value in the law.

In **Count One** of the indictment, the defendant is charged with conspiracy to distribute and dispense controlled substances: to wit, hydrocodone, oxycodone, and fentanyl, not for legitimate medical purposes and outside of the course of professional practice, in violation of Federal law.

For you to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

(1) That two or more persons conspired, or agreed to commit the crime of distributing and dispensing a controlled substance; to wit, hydrocodone, oxycodone, and fentanyl;

(2) That the defendant knowingly and voluntarily joined in the conspiracy;

(3) That the defendant knew at the time of joining the conspiracy that hydrocodone, oxycodone and fentanyl were controlled substances;

(4) That the defendant's conspiracy to distribute and dispense these controlled substances was unauthorized, that is to say the distribution and dispensing of these controlled substances was not for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice; and

(5) The defendant knew that the conspiracy to distribute or dispense these substances for non-legitimate medical purposes was unauthorized.

A "**conspiracy**" is an agreement between two or more people to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It does not matter whether or not the conspiracy was ultimately successful. It is a crime for two or more persons to conspire, or agree to commit a crime, even if they never actually achieve their goal.

The term **"dispense"** means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term **"dispenser"** means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

The phrase **"a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice"** means acting in accordance with generally recognized and accepted professional standards in the field in which the individual practices. In considering whether the defendant acted for a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant's actions and the circumstances surrounding them.

In **Count Two** through **Count Seven** of the indictment, the defendant is charged with aiding and abetting or being aided and abetted in the unlawful distribution and dispensing of controlled substances, more specifically, oxycodone and hydrocodone, to a pregnant woman, that is patient H.R, in violation of Federal law.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt as to each count:

(1) That the crimes in Counts 2-7 were committed; that is the distribution and dispensing of oxycodone or hydrocodone to a pregnant woman,

(2) That the defendant aided and abetted another person or was aided and abetted by another person to distribute and dispense oxycodone or hydrocodone to a pregnant woman;

(3) That the defendant agreed to aid and abet another or help another commit the crime of distributing and dispensing oxycodone and hydrocodone to a pregnant woman; and

(4) That the defendant knew that H.R. was pregnant at the time.

For you to find the defendant guilty of the charges in Counts 2 – 7, it is not necessary for you to find that he personally committed any part of the crimes. You may find him guilty if he intentionally helped or encouraged someone else to commit the crimes. A person who does this is called an aider and abettor.

In **Count Eight** through **Count Fourteen** of the indictment, the defendant is charged with aiding and abetting or being aided and abetted to unlawfully distribute

and dispense controlled substances, specifically, hydrocodone and oxycodone, not for legitimate medical purposes and outside of the course of professional practice, in violation of Federal law.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the offenses in Counts 8 – 14 were committed; that is the distribution and dispensing of hydrocodone and oxycodone in an unauthorized manner and a manner not for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice;

(2) That the defendant aided and abetted another person or was aided and abetted by another person to unlawfully distribute and dispense controlled substances, hydrocodone and oxycodone in this manner;

(3) That the defendant knowingly and voluntarily agreed to aid and abet in the unlawful distribution and dispensing of controlled substances, hydrocodone and oxycodone;

(4) That the defendant agreed to aid and abet and be aided and abetted in the distribution and dispensing of these controlled substances for an unauthorized purpose, meaning the distribution and dispensing of these controlled substances was not for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice; and

(5) That the defendant knew that he was aiding and abetting or being aided and abetting in the unauthorized distribution or dispensing of these substances for non-legitimate medical purposes.

In **Count Fifteen** of the indictment, the defendant is charged with aiding and abetting or being aided and abetted by others to knowingly use and maintain a place named PREVENTAGENIX at 162 Murray Guard Drive, Jackson, Tennessee, for purposes of distributing Schedule II controlled substances outside of the course of professional practice and without a legitimate medical purpose.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the defendant knowingly aided and abetted another person or was aided and abetted by another person to use and maintain a place, named PREVENTAGENIX to distribute and dispense controlled substances; and

(2) That the defendant knew he was aiding and abetting or was aided and abetted in managing or controlling a place, named PREVENTAGENIX, for the unauthorized purposes of unlawfully distributing, dispensing or using controlled substances, oxycodone and hydrocodone, that were outside of the course of professional practice and without a legitimate medical purpose.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. Also, even though other individuals are named in the indictment, for each charge you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges. You must be convinced that the government has proved all of these elements as to each count beyond a reasonable doubt in order to find the defendant guilty of any of these crimes. Again, I will give you more detailed instructions about conspiracy at the end of the case.

The Court will not provide you with a transcript of the testimony at the end of the trial. Therefore, you must listen very carefully to the testimony. Each of you will be allowed to take notes during the trial for your own use during your deliberations. You are not required to take notes. Independent memory can be as precise as written notes. You will be provided with notebooks and pens should you decide to take notes. Remember you can have no sympathy or prejudice or allow anything but the law and evidence to have any influence upon your verdict, and you must render your verdict with absolute fairness and impartiality.

This completes my opening instructions. Now, we will proceed with reading the indictment and the opening statements.

*s/John T. Fowlkes, Jr.*

JUDGE JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT COURT

<u>March 27, 2023</u>
Date
