IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DISTRICT
_____

UNITED STATES OF AMERICA


VS                                        INDICTMENT NO.  1:19-10040-JTF


JEFFREY W. YOUNG, JR.

_____

**CLOSING INSTRUCTIONS**
_____

The evidence in this case has been completed and it is my duty now to instruct you as to the law.  The law applicable to this case is stated in these instructions, and it is your duty to carefully consider all of them.  The order in which these instructions are given is not an indication of their relative importance.  You should not single out one or more of them to the exclusion of another or others, but you should consider each one in the light of and in the harmony with the others.

You are the exclusive judges of the facts in this case.  Also, you are the exclusive judges of the law under the direction of the Court.  You should apply the law to the facts in deciding this case.  You should consider all of the evidence in the light of your own observations and experience in life.

The indictment in this case is the formal written accusation charging the defendant with various crimes. It is not evidence against the defendant, and it does not create any inference of guilt. It is just the formal way that the government tells

the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt because, as you know, the defendant has pleaded not guilty to the crimes charged in the indictment.

At times during the trial, I have ruled upon the admissibility of evidence.  You must not concern yourself with these rulings.   Neither by such rulings, these instructions, nor any other remarks which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be.

Statements, arguments and remarks of counsel are intended to help you in understanding the evidence and applying the law, but they are not evidence.  If any statements were made that you believe are not supported by the evidence, you should disregard them.   You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside the courtroom influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; stipulations of the parties; and the facts that I have judicially noticed. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections, and my legal rulings are not evidence. And my comments and questions are not evidence.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,

## REASONABLE DOUBT

The defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. It is, therefore, incumbent upon the government, before you can convict the defendant, to establish to your satisfaction, beyond a reasonable doubt, that the crimes charged in the indictment have been committed; that the same were committed within the Western District of Tennessee before the indictment was returned; and that the defendant on trial committed the crimes in such manner that would make him guilty under the law defined and explained to you.

The government has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden never shifts but remains on the government throughout the trial of the case.  The defendant is not required to testify or prove his innocence.  This means that even though the defendant has a right to present evidence, he has no obligation to do so, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt."  Possible

doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a real doubt; a doubt that is based on reason and common sense after careful and impartial consideration of all of the evidence.  It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## CREDIBILITY OF WITNESSES

You should consider all the evidence presented in this case by the government and by the defendant, and give it a full, fair and impartial consideration.  Part of your responsibility is to determine what the facts are, based on what you heard from the witnesses.  If there are conflicts in the testimony of different witnesses, it is your duty to reconcile them, if you can, for the law presumes that every witness has told the truth.  But when you cannot reconcile the statements of different witnesses, then you must decide which witness or witnesses you believe and how important his or her testimony was.  You do not have to accept or reject everything a witness said.  You are free to believe all, none or part of any person's testimony. But you should act reasonably and carefully in making these decisions.

In forming your opinion as to which witness you believe, let me suggest some things for you to consider in evaluating each witness's testimony:

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake,

or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable?

Sometimes the testimony of different witnesses will not agree, and you must decide which testimony you accept.  You should think about whether the disagreement involves something important or not, and whether you think someone is lying or is simply mistaken.  Remember, people may see and hear things differently, and witnesses may testify honestly but simply be wrong about what they thought they saw or remembered.  Also, two honest people who witness the same event may not describe it exactly the same way.

It is also a good idea to think about which testimony agrees best with the other evidence in the case.

In addition, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**OPINION OR EXPERT WITNESSES**

During the trial, you heard the opinion testimony of Dr. Tricia Aultman who was described as an opinion witness or expert witness.

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an opinion or expert witness by reason of special knowledge, skill or experience may testify and state his or her opinions concerning such matters and give reasons for their testimony.

Merely because an opinion or expert witness has expressed an opinion does not mean, however, that you are bound to accept this opinion. You must decide whether the witness's opinions were based on sound reasons, judgment and information.  Part of that decision will depend on your judgment about whether the witness's background, training and experience is sufficient for the witness to give the opinion that you heard. The same as with any other witness, it is up to you to decide the credibility of such witnesses, and whether you believe this testimony and choose to rely upon it.


**SECONDARY – EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

During the trial you have seen or heard evidence in the form of data summaries, charts, drawings, email exchanges and similar material. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented. But the summaries themselves are not evidence of the material they

summarize and are only as valid and reliable as the underlying material they summarize.

## SEPARATELY CHARGED INDIVIDUALS

Now, two of the persons allegedly involved in these events, Alexander Alperovich and Andrew Rudin, are not on trial. This does not matter. There is no requirement that all members of a criminal episode be charged, prosecuted or tried together in one proceeding.  Nor is there any requirement that the names of any others involved be known.  An indictment can charge a defendant with a crime involving people whose names are not known.  Whether they are named or not does not matter.

## TESTIMONY OF AN ACCOMPLICE

You have heard the testimony of witnesses Dr. Alexander Alperovich and Kristy Gutgsell. You have also heard that  Dr. Alperovich and Ms. Gutsgell entered into cooperation agreements with the government where they were allowed to enter guilty pleas to lesser charges.  The cooperation agreements also required Dr. Alperovich and Ms. Gutsgell to provide truthful testimony in this trial.  Because of their cooperation and testimony, they hope to receive additional consideration in the form of a reduction in their sentence at their sentencing hearings.

It is permissible for the government to enter into such agreements. But you should consider Dr. Alperovich and Ms. Gutsgell's testimony with more caution than the testimony of other witnesses.  Consider whether their testimony may

have been influenced by the agreements that they entered into with the government.

Also, the fact that Dr. Alperovich and Ms. Gutsgell pleaded guilty is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

Lastly, do not convict the defendant based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

## TESTIMONY OF A DRUG ADDICT

You have heard the testimony of Hope Rogers and Tricia Stansell. You have also heard that they were using controlled substances during the time that they testified about.  It is permissible for the government to use such witnesses. But you should consider their testimony with more caution than the testimony of other witnesses. An addict may have a constant need for drugs, and for money to buy drugs, and may also have a greater fear of imprisonment because a supply of drugs may be cut off. Think about these things and consider whether their testimony may have been influenced by their addiction.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the  testimony beyond a reasonable doubt.

**IMPEACHMENT OF A WITNESS BY PRIOR CONVICTION**

You have heard the testimony of a witness, Hope Rogers, who has previously been convicted of a crime.  This earlier conviction was brought to your attention only as one way of helping you decide how believable her testimony was. Do not use it for any other purpose. It is not evidence of anything else.

**STATEMENT BY DEFENDANT**

You have heard evidence that the defendant made statements to the Nursing Board during interviews conducted by the Board in which the government claims he admitted certain facts but denied others, which the government believes were later proven to be false.  It is for you to decide whether the defendant made any of the statements, and if so, how much weight they deserve.  In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant allegedly made them.

You may not convict the defendant solely upon his own uncorroborated statement or admission to the Nursing Board.

**IDENTIFICATION**

The government has the burden of proving the elements of each of the crimes charged; and this burden specifically includes the identity of the defendant as the person who committed the crimes for which he is on trial.  The identity of the defendant must be proven in the case on the part of the government to your satisfaction beyond a reasonable doubt. In other words, the burden of proof is on

the government to show that the defendant now on trial before you is the identical person who committed the alleged crimes with which he is charged. In considering the identity of a person, you may take into consideration all the facts and circumstances in the case.

The Court further charges you that if you are satisfied from the whole proof in the case, beyond a reasonable doubt, that the defendant committed the crimes charged against him, and you are satisfied beyond a reasonable doubt that he has been identified as the person who committed the crimes charged, then it would be your duty to convict him. On the other hand, if you are not satisfied with identity from the proof, or you have a reasonable doubt as to whether he has been identified from the whole body of the proof in the case, then you should return a verdict of not guilty.

## DEFENDANT NOT TESTIFYING

The defendant has not taken the stand to testify as a witness, but you shall place no significance on this fact.  The defendant is presumed innocent of the charges in the indictment, and the burden is on the government to prove his guilt beyond a reasonable doubt.  He is not required to take the stand on his own behalf and his election not to do so cannot be considered for any purpose against him, nor can any inference be drawn from such fact.

## TRANSCRIPTIONS OF RECORDINGS

You have viewed some video recordings that were received in evidence, and you were shown subtitles on the recordings.  Keep in mind that the subtitles are not evidence. They were shown to you only as a guide to help you follow what was being said. The video recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the subtitles, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the subtitles as far as those parts are concerned.

## USE OF THE WORD "AND" IN THE INDICTMENT AND INSTRUCTIONS

Although the indictment charges that the statute was violated by acts that are connected with the word "and", it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about certain dates.  The government does not have to prove that the crimes happened on an exact date. But the government must prove that the crimes happened reasonably close to those dates.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

One type of evidence is called direct evidence and the other type is called circumstantial evidence.  Direct evidence is those parts of the testimony admitted in court which referred to what happened and was testified to by witnesses who saw or heard or otherwise sensed what happened firsthand.  If witnesses testified about what they themselves saw or heard or otherwise sensed, they presented direct evidence.

Circumstantial evidence is all the testimony and exhibits which give you clues about what happened in an indirect way. It is simply a chain of circumstances that indirectly proves a fact. It consists of all the evidence which is not direct evidence.  Do not assume that direct evidence is always better than circumstantial evidence.  According to our laws, direct evidence is not necessarily better than circumstantial evidence.  Either type of evidence can prove a fact if it is convincing enough.   The court instructs you that in considering the evidence, you may consider both kinds of evidence, which are of equal value under our law.


**STIPULATION**

During the trial, the parties presented, and entered into evidence, a stipulation.  A stipulation is simply an agreement between the parties regarding an evidentiary matter.   Merely because a stipulation was presented to you and introduced into evidence does not mean that you are bound to accept the contents of the stipulation as true.  The same as with any other piece of evidence, it is up to you to decide the value of the stipulation and whether you choose to rely upon it.

You are directed to give the stipulation such weight as you think it deserves along with all the other evidence in the case**.**

## JURORS' NOTES

Members of the Jury, you have been allowed to take notes in this case. The Court charges you that these notes are for your individual use only, and you should not use said notes directly or indirectly, explicitly or implicitly to persuade other jurors as to the accuracy of said notes. They should not be shown to others, nor compared, nor referred to in any way as authority, but should be used privately only by the maker of said notes as an aid to his individual memory.

## JURY DELIBERATION

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job, not yours, to decide the appropriate punishment. It would violate your oaths as jurors to even consider punishment in deciding your verdict.  Your job is to consider the evidence adduced during the trial and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**The Court will now explain to you the law applicable to the charges in this case:**

## SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The indictment charges the defendant with one (1) count of conspiracy with others to unlawfully distribute controlled substances; thirteen (13) counts of unlawful distribution of controlled substances; and one (1) count of maintaining a drug-involved premises.  All of these charges were alleged to be committed outside the usual course of professional practice and without a legitimate medical purpose.

The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.  You must be convinced that the government

has proved all of these elements as to each count beyond a reasonable doubt in order to find the defendant guilty.

**Count One** of the indictment charges the defendant with conspiracy to distribute and dispense controlled substances: to wit, hydrocodone, oxycodone, and fentanyl, not for legitimate medical purposes and outside of the usual course of professional practice, in violation of Federal law.

For you to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

(1) First, that two or more persons conspired, or agreed, to knowingly or intentionally distribute controlled substance, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice; and

(2) Second, that the defendant knowing that such prescriptions would not be issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, voluntarily joined the conspiracy with knowledge of its purpose.

## CONSPIRACY GENERALLY

A conspiracy is an agreement between two or more people to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It does not matter

16

whether or not the conspiracy was ultimately successful. The essence of the offense is that two or more persons have combined, or mutually agreed, to do something illegal. For you to find the defendant guilty of conspiracy, you also must be convinced beyond a reasonable doubt that the government has proved each of the following elements beyond reasonable doubt:

(1)  First, that two or more persons agreed to try to accomplish a common and unlawful plan, as charged in count one of the indictment; and

(2)  Second, that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.


Acts done **"unlawfully"** means that the actions were contrary to or against the law.

The terms "**knowingly**", "**willfully**" and "**intentionally**" means voluntarily, and not because of mistake or accident.  Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.  But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.  You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

The term **"dispense"** means to deliver a controlled substance to an ultimate user by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance.  The term **"dispenser"** means a practitioner who so delivers a controlled substance to an ultimate user.

The term **"distribute**" means the defendant delivered or transferred a controlled substance.  The term distribute includes the actual or constructive transfer of a controlled substance, including the sale of a controlled substance. The term distribute also includes the prescribing and administering of a controlled substance.

I instruct you that **hydrocodone, oxycodone, and fentanyl are controlled substances** under federal law.

The phrase **"a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice"** means acting in accordance with generally recognized and accepted professional standards in the State of Tennessee and field in which the individual practices. In considering whether the defendant acted for a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant's actions and the circumstances surrounding them.

**PRESCRIPTIONS**

Licensed physicians and nurse practitioners are authorized to distribute controlled substances through valid prescriptions. A prescription is authorized only when it is issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice. The term "**practitioner**" includes a physician or nurse that is licensed by the State of Tennessee to distribute a controlled substance in the usual course of professional practice.

**USUAL COURSE OF PROFESSIONAL PRACTICE**

The term "**usual course of professional practice**" means a course of treatment in accordance with a generally recognized and accepted standard of medical practice. You have heard testimony or seen exhibits about what may constitute the usual course of professional practice for prescribing controlled substances in the State of Tennessee, and you are to weigh that evidence the same way that you would weigh any other evidence in this case. In considering whether the defendant or an alleged conspirator issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the practitioner's actions and the circumstances surrounding them. For you to find the defendant guilty, the government must prove to you beyond a reasonable doubt that the defendant knowingly and voluntarily joined the conspiracy or agreement and knew or intended that the prescriptions at issue were not written for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

**GOOD FAITH**

A practitioner may not be convicted of unlawful distribution of controlled substances when he distributes controlled substances in good faith to patients in the usual course of professional practice. But only the lawful acts of a practitioner are exempted from prosecution under the law. A controlled substance is distributed by a practitioner in the usual course of his or her professional practice if the substance is distributed in good faith while medically treating a patient. Good faith is not merely a practitioner's sincere intention towards the people who come to see him, but, rather, it involves his sincerity in attempting to conduct himself in accordance with a standard of medical practice generally recognized and accepted in the State of Tennessee. Thus, good faith in this context means an honest effort to prescribe substances for a patient's condition in accordance with the standard of medical practice generally recognized and accepted in the State of Tennessee. However, practitioners who act outside the usual course of professional practice and prescribe or distribute controlled substances for no legitimate medical purpose may be guilty of unlawful distribution of controlled substances. This means that once a defendant meets the burden of producing evidence that his or her conduct was "authorized," the government must then prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner. Negligence, carelessness or foolishness are not sufficient to convict. Again, this is for you to decide.

## DELIBERATE IGNORANCE

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that the prescriptions he issued, or agreed would be issued, were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, then you may find that he knew that the prescriptions he issued, or agreed would be issued, were not issued for a legitimate medical purpose.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, negligence or foolishness on the defendant's part is not the same as knowledge and would not be enough to convict. This, of course, is all for you to decide.

**Count Two** through **Count Seven** of the indictment charge the defendant with unlawfully distributing oxycodone and hydrocodone, to a pregnant woman, that is patient Hope Rogers, on six specific occasions in violation of Federal law.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt as to each count:

(1) That the defendant knowingly and intentionally distributed oxycodone or hydrocodone; and

(2) That the defendant knew at the time of distribution that the substance was a controlled substance;

(3) That the defendant knowingly and intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice; and

(4) That the defendant knew that patient Hope Rogers was pregnant at the time.

Again, I instruct you that **oxycodone and hydrocodone are controlled substances** under federal law.

**Count Eight** through **Count Fourteen** of the indictment charge the defendant with unlawfully distributing and dispensing controlled substances, specifically, hydrocodone and oxycodone, not for legitimate medical purposes and outside of the usual course of professional practice, in violation of Federal law.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the defendant knowingly and intentionally distributed oxycodone and hydrocodone;

(2) That the defendant knew at the time of distribution that the substance was a controlled substance; and

(3) That the defendant knowingly and intentionally distributed and dispensed these controlled substances without a legitimate medical purpose and outside the usual course of professional practice.

**Count Fifteen** of the indictment charges the defendant with knowingly using and maintaining a place named PREVENTAGENIX at 162 Murray Guard Drive, Jackson, Tennessee, for purposes of distributing Schedule II controlled substances outside of the usual course of professional practice and without a legitimate medical purpose.

For you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the defendant knowingly and intentionally opened, leased, used, and maintained a place, named PREVENTAGENIX;

(2) That the defendant did so for the purpose of unlawfully distributing a controlled substance.

The phrase **"for the purpose of unlawfully distributing a controlled substance"** means that drug distribution was a significant or important reason for which the defendant opened, leased, used, or maintained the premises. But the government is not required to prove that drug distribution was the defendant's primary or sole purpose for doing so. In other words, the government is not required to only prove that drug activity was a significant reason why defendant opened, leased, used, or maintained the place.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt that the defendant opened, leased, used, or maintained a drug involved premises, then you should find the defendant guilty of maintaining a drug involved premises. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of this charge.

## JURY DELIBERATION

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow jurors.   In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.  If you should desire to communicate with me at

any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

A verdict form has been prepared will be placed in a folder and handed to you by the Court Security Officer.  At any time that you are not deliberating (i.e., when at lunch or during a break in deliberations), the folder and verdict form should be delivered to the Court Security Officer who will deliver it to the courtroom clerk for safekeeping.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it.

I will have a copy of these instructions, the indictment, and the exhibits in the case sent back to you in the jury room.

Remember, you can have no sympathy or prejudice or allow anything but the law and the evidence to have any influence upon your verdict, and you must render your verdict with absolute fairness and impartiality.  Therefore, take the case, consider all the facts and circumstances fairly and impartially and report to the Court such verdict as truth dictates and justice demands.   You may now retire to begin your deliberations.

_s/John T. Fowlkes, Jr._
JOHN T. FOWLKES, JR.
U.S. DISTRICT COURT JUDGE