IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                              No. No. 1:19-cr-10040-JTF-1

JEFFREY YOUNG,
        Defendant.

## POSITION AS TO THE PRESENTENCE INVESTIGATIVE REPORT

COMES NOW, Claiborne H. Ferguson, attorney for the Defendant, and files this, his Position as to the Presentence Investigative Report:

### The Sentencing Hearing

Pursuant to the Local Rules, this is to notify the court that the defendant expects to call several witnesses and the sentencing hearing is expected to last for more than one hour.

### Defense Counsel Certification

Defendant has been provided a copy of the PSR and has reviewed same with the defendant. Defense Counsel has communicated the following position to the probation officer and Assistant United States Attorney in the form of this document, and an email sent today.

**Factual Objections**

1.      Defendant has an objection to Paragraph 4. He objects to the portion of the paragraph that alleges he "prescribed controlled substances to some patients" without charting or an office visit and to the portion that he "engaged in an apparent sexual assault with a semi-conscious woman" as the sex was consensual, the government never spoke to her and its conjecture.

2.      Defendant has an objection to Paragraph 9. He objects to the portion of the paragraph that states he ignored the CDC guidelines. The guideline were not intending to replace individual professional judgment to the provider. In fact, the Guidelines have been updated to reflect this confusion among people outside the medical profession. Curent Guidelines stated: "Although some laws, regulations, and policies that appear to support recommendations in the 2016 CDC Opioid Prescribing Guideline might have had positive results for some patients, they are inconsistent with a central tenet of the guideline: that the recommendations are voluntary and intended to be flexible to support, not supplant, individualized, patient-centered care. Of particular concern, some policies purportedly drawn from the 2016 CDC Opioid Prescribing Guideline have been notably inconsistent with it and have gone well beyond its clinical recommendations." Further it said a reliance on the Guidelines to control providers practice is "not consistent with the 2016 CDC Opioid Prescribing Guideline and have contributed to patient harm, including untreated and undertreated pain, serious withdrawal symptoms, worsening pain outcomes, psychological distress, overdose, and suicidal ideation and behavior.

3. Defendant has an objection to Paragraph 10. He objects to the portion of the paragraph that alleges that the "Black Box" warning was somehow controlling over his independent decision making process. Plus the Black Box warning wasn't mandated until sometime in 2017, and has little affect on the timing of this case.

4. Defendant has an objection to Paragraph 11. He objects to the portion of the paragraph that alleges that he was in the 1% of prescribers in Tennessee. This misstates the content of the letter. Plus his "report card" from 2016 disproves this contention and the Board of Nursing was OK with his prescribing habits during most of this time.

5. Defendant has an objection to Paragraph 12. He objects to the portion of the paragraph that alleges that he treated patients while on drugs or intoxicated, as well as the portion that claims he "freely" prescribed controlled substances to his friends and family, and that he used drugs to promote his shows or to has sex. This is unsubstantiated gossip at best.

6. Defendant has an objection to Paragraph 13. He objects to the portion of the paragraph that alleges that his motives in prescribing was to obtain sexual favors, notoriety, and money.

7. Defendant has an objection to Paragraph 14. He objects to the entire paragraph as unsubstantiated and a complete fabrication from the government. Counsel for Defendant has spoken to C.S. who does not want to be a part of this case but confirmed there was no "quid-pro-quo" drugs for sex relationship between her and and defendant. The Government has spoken to her and should know this to be true.

8. Defendant has an objection to Paragraph 16. He objects to the portion of the paragraph that alleges/alludes that prescriptions where in exchange for "favors." All these prescriptions were legitimate with current clients with charts. Furthermore, no officer engaged in illegal activity for him and none where sanctioned for any activity with Mr. Young.

9. Defendant has an objection to Paragraph 17. He objects to the portion of the paragraph that alleges/alludes that it was improper to have a signature-stamp of a supervision physician. He did not have it to "forge" a signature, its common practice within the industry.

10. Defendant has an objection to Paragraph 18. He objects to the portion of the paragraph that alleges/alludes he had to register as a pain clinic. He never had to register as such. He further objects to the over generalization of the remaining paragraph. Such claims as "diversion of drugs" and 'failure to monitor" are too general and too wide in scope; which patients particularly are we claiming? This needs to be narrowed down in order to no how to defend against the allegation. The name "Holy Trinity" didn't even exist throughout most of the time frame of this case.

11. Defendant has an objection to Paragraph 19. He objects to the portion of the paragraph that alleges/alludes the a B.P. was an addict or any of the allegation concerning her. She did not testify at trial.

12. Defendant has an objection to Paragraph 20. He objects to the portion of the paragraph that alleges/alludes that he made a threatening or defamatory video.

13. Defendant has an objection to Paragraph 21. He objects to the portion of the paragraph that alleges/alludes that he fired employees that "challenged" him.

14. Defendant has an objection to Paragraph 25. He objects to the portion of the paragraph that alleges/alludes or seeks to compare the medical decisions between two different patients.  One was drug naive and the other had a current prescription fr medication that allowed for a different treatment plan.

15. Defendant has an objection to Paragraph 26. He objects to the portion of the paragraph that alleges/alludes that his care was below the standard of care.  In fact, this patient was being seen by multiple medical providers, none who took her off the medication.  There was a high-risk neonatal specialist on board and away of the potential for complications.

16. Defendant has an objection to Paragraph 27. He objects to the paragraph because he does not believe it was testified to.

17. Defendant has an objection to Paragraph 30. He objects to the portion of the paragraph that alleges/alludes that he tried to "impress" a patient with his TV show.

18. Defendant has an objection to Paragraph 35. He objects to the portion of the paragraph that alleges/alludes to drug screens, had they been tested, would have shown negative for drugs.  There was no testimony to this and no proof the urine wasn't tested.

19. Defendant has an objection to Paragraph 41. He objects to the portion of the paragraph that alleges/alludes that he traded sex for drugs.  No witness testified to this.

20. Defendant has an objection to Paragraph 42. He objects to the entire paragraph. This was all part of a malpractice claim against Mr. Young that was decided in his favor. It serves no purpose in this PSR.

21. Defendant has an objection to Paragraph 16. He objects to the portion of the paragraph that alleges/alludes that Mr. Young had any relationship to two "suspicious" deaths. The Nursing Board investigated and found no connection to the Mr. Young. Mr. Young did not cause any deaths.

## Guideline Objections

1. Defendant objects to paragraph 53 and the assumption on the part of probation that 100% of prescriptions were illegal. This generalization has been rejected in the 3rd Circuit and should be rejected here to. See, U.S. v. Titus, 22-1516 (3rd Cir. Aug 22 2023).

    Also, objection is made as to the weight in the paragraph, as the converted weight is so 810 kg (BOL 28). More clarity is needed in the calculation of this converted weight to better object to.

2. Defendant has an objection to Paragraph 55 as it double counts the "pregnant individual" and was not committed for his "livelihood" as he was broke and at times not making payroll.

3. Defendant has an objection to Paragraph 56 as there is no proof to support this SOC.

Respectfully submitted,

The
CLAIBORNE ✠ FERGUSON
Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400


s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant


CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 23th day of Octoberr 2023.

    s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)