UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,
 Plaintiff,

vs.                    No. 1:19-cr-10040-JTF-1

JEFFREY YOUNG,
 Defendant.

SECONDARY SENTENCING MEMORANDUM

**Response to the Court's request for the Defendant's position on the calculation of the Drug Weight.**

Jeffrey Young was running a real medical practice but some portion of his prescriptions were outside the course of a normal medical practice and without legitimate medical purpose. However, the proof was that many of the patients that the government uses to "guestimate" a drug weight were already prescribed the medications before coming to Mr. Young, which required him to continue the prescriptions for continuity of care. See, for example, LG (a patient that came in with a prescription for alprazalam and hydrocodone, which Young refills and continues treating for three years). Because of this, not every prescription to every patient was illegal.

A court cannot (or should not) punish a medical professional for legal behavior, but for the actual illegal prescriptions. A challenge to the correctness of the Sentencing Guidelines calculation is a challenge to the procedural reasonableness of the sentence, which [is reviewed] for an abuse of discretion. *United States v. Johnson*, 732 F.3d 577, 580 (6th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). If the district court miscalculates the advisory range, the resulting sentence is procedurally unreasonable. *Id.* at 581. The determination of the relevant drug quantity is ordinarily a finding of fact but when the precise quantity is uncertain, the district court may estimate so long as its estimate is supported by a preponderance of the evidence. *Id*. See also. *United States v. Patterson*, Case No. 14-5909, Case No. 14-5910 (6th Cir. Apr 28, 2015). In this case, the number of prescriptions that were not for a legitimate purpose is subject to certainty, the Government just has to present proof to the court to meet its burden. See, *U.S. v. Chube, II*, 538 F.3d 693 (7th Cir. 2008) (holding that the drug quantity that a medical provider shall be punished for is the *actual* amount on the *illegal* prescriptions). *Chube II* instructs that estimations are appropriate when the actual amount can not be ascertained, but that in prescription cases, the government must prove which of the prescriptions they claim are illegal. Prescriptions are ascertainable quantities and must be proven for the court to determine the weight of the illegal drugs prescribed.

However, if estimating, the court may rely on physical evidence and testimonial evidence, even where the testimony is given by a witness who may receive a reduced sentence in exchange for testifying. See *Id.*; *United States v. Henley*, 360 F.3d 509, 516 (6th Cir. 2004). But the court should err on the side of caution, and the finding must have "some minimum indictum of reliability beyond mere allegation." *United States v. Ward*, 68 F.3d 146, 149 (6th Cir. 1995). "A district court's approximation of drug quantity is not clearly erroneous if it is supported by competent evidence in the record." *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008). *United States v. Montgomery*, Case No. 18-5904, Case No. 18-5905 (6th Cir. Aug 30, 2019).

The court has a "duty to support its finding" regarding the total drug quantity involved in a conspiracy. *United States v. Hernandez*, 227 F.3d 686, 698 (6th Cir. 2000). Where the court "fails to identify the evidence on which it relied," [the appellant court will] remanded for resentencing. *United States v. Ward*, 68 F.3d 146, 149 (6th Cir. 1995). See also *United States v. Cook*, 13 F. App'x 331, 339 (6th Cir. 2001); *United States v. Hernandez*, 227 F.3d 686, 698 (6th Cir. 2000); *United States v. Walton*, 908 F.2d 1289, 1302-03 (6th Cir. 1990). *United States v. Montgomery*, Case No. 18-5904, Case No. 18-5905 (6th Cir. Aug 30, 2019)

Where the drug amount is uncertain, the Court of Appeals has warned to "'err on the side of caution" and only hold the defendant responsible for that quantity of drugs for which "the defendant is more likely than not *actually* responsible." *United States v. Walton*, 908, F.2d 1289, 1302 (6th Cir. 1990).

The government offers a number of ways to estimate the drug weight, while not once ever addressing the issue of which specific prescriptions are illegal. Each method is fraught with error and assumptions that do nothing to reach any certain prescription count, do not assist the court in its fact finding role, and should be rejected by this court. The worst assumption the Government makes is that every single prescription written to each specific patient was illegal. Clearly the patients that came in to his practice already receiving prescription medication and he continued or managed the prescriptions were not "without legitimate medical purpose."

The government's proposed Method 1 (as do they all, more or less) involves the use of multiple patients that came into the clinic already prescribed opioids or other pain medication, assumptions that "back-door" patients were not legitimate patients, and that his then-current attorney was involved in the use of illegal drugs. The government's use of this

wide-flung net captures too many legal or less then criminal prescriptions. Its not negligence that the court must punish, but actual illegal conduct.

The government's Method 2 (counting *all* the prescriptions when he wasn't properly supervised) simply lacks any legal justification. At best, if and when Young was without a physician preceptor his prescriptions were outside the rules of the Board on Nursing, but this is not proof that the prescriptions, which he was licensed by the DEA to dispense, were criminal. Working without a preceptor is a state civil (e.g., regulatory or licensing) issue, not a federal criminal issue. Over 25 states don't even require a physician preceptor for nurse practitioners to work. See, www.nursejournal.com.

Likewise, Method 3 suffers from the flaw of relying on a false "fact" that there is a absolute prohibition on a "Dangerous Combination Prescriptions." This assumes that every patient so prescribed a combination of these drugs was somehow illegal, as well as assuming the three prescriptions singular were illegal. This assumption is not supported by facts from this case.

Defendant Young seeks a fair and justified sentence and for the Government to meet its burden in proving the illegality of the prescriptions it seeks to use at the sentencing hearing.

Respectfully Submitted;

The
**CLAIBORNE FERGUSON**
**Law Firm, P.A**.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400
Claiborne@midsouthcriminaldefense.com

/s/Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (BPR 20457)

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2023, I served a true and correct copy of the foregoing upon the person(s) listed below by the following method(s) of service:

[    ]   Depositing it in the U.S. mail, first class postage prepaid and properly addressed;
[    ]   Hand delivery;
[    ]   Facsimile transmission
[  **X**]   Electronic Transmission - PACER

Jillian Willis
Katherine Payerle
Andrew Pennebaker
U.S. Department of Justice
Criminal Division, Fraud Section
202-257-5852

/s/ Claiborne H. Ferguson