IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No:** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANDREW RUDIN, M.D.** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The Defendant, Andrew Rudin, by and through his counsel, Nishay Sanan, knowingly and voluntarily agrees with the United States, through Kevin G. Ritz, United States Attorney for the Western District of Tennessee, and Glenn Leon, Chief, Fraud Section, Criminal Divison, U.S. Department of Justice, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B).

1. The Defendant agrees to enter a plea of guilty to the Bill of Information in this matter, in which the Defendant is charged with one count of making a false statement in connection with a health care matter in violation of Title 18, United States Code, Section 1035. With respect to the charge described herein, the Defendant knowingly and voluntarily waives his right to Indictment by Grand Jury, and knowingly and intelligently waives any defense or objection to the conviction due to lapse of any applicable statute of limitations. He further waives any right to a hearing to establish probable cause.

2. Section 1035 is committed when, in any matter involving a health care benefit program, one knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or (2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items,

1

or services. The term "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. 18 U.S.C. § 24(b). Section 1035 is punishable by a fine and imprisonment of not more than five years.

3. The Defendant further agrees that:

a. He is pleading guilty to the Bill of Information because he is guilty of the charge contained within;

b. By pleading guilty, he is giving up several rights, including the right to plead not guilty; the right to a speedy and public trial by jury; the right to assistance of counsel at trial; the right to be presumed innocent and to have the burden of proof placed on the United States to prove the Defendant guilty beyond a reasonable doubt; the right to confront and cross-examine witnesses against the Defendant; the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and the right not to testify and have that choice not used against the Defendant;

c. If he had proceeded to trial and had been convicted, he would have had the right to appeal the conviction. **He understands that by pleading guilty, he gives up the right to appeal the conviction.** Based on concessions made in this plea agreement by the United States, he also hereby waives his rights to appeal his sentence, including an upward departure or variance from the guideline range calculated by the Court, unless the sentence imposed by the Court exceeds the maximum sentence permitted by statute;

d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, **the Defendant waives his right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack**;

e. The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

f. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the

2

   Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

4.  In support of this guilty plea, the Defendant agrees and stipulates to the following facts, which satisfy the offense elements. These facts are submitted for purposes of the Defendant's guilty plea. They do not necessarily constitute all of the facts in this case. Other facts may be relevant to sentencing. Both the Defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentencing in this case.

  The Defendant knowingly and willfully, made a false statement with the delivery of and payment for health care benefits, items, and services as follows:

  *On or about July 19, 2016, the Defendant signed as a party to a Supervisor Contract with a medical clinic in Jackson, Tennessee known as Preventagenix. In that contract, he agreed to serve as the supervising physician for Nurse Practitioner Jeffrey Young, knowing that without a supervising physician, Jeffrey Young could not prescribe controlled substances and could not bill insurance for much of his work.*

  *Specifically, in the contract, the Defendant agreed to comply with all rules of the Tennessee Board of Nursing (the "Rules"), review all controlled substance prescriptions, and visit the practice once per month. However, at the time he entered into the contract, the Defendant knew that his representations therein were false. That is, he understood he would be a supervisor "in name only" and would not provide any meaningful supervision or comply with the Rules. Although he provided his DEA Registration number to Jeffrey Young understanding his DEA number would be affixed to Young's prescriptions, he never intended to provide meaningful oversight to Young's controlled substances prescribing.*

  *Furthermore, the Defendant's conduct was connected to the delivery of health care items and health care benefits because holding himself out as a supervising physician allowed Young to (1) prescribe controlled substances that pharmacies otherwise would not have filled; and (2) bill health insurance programs for services that otherwise would not have been paid. That is, without the Defendant's agreement to serve as Young's supervising physician, Young could not have provided the items and services he provided to the patients, and health insurance benefit companies that affect interstate commerce would not have paid for Young's purported treatment.*

3

> *The parties agree that according to the U.S. Sentencing Guidelines, in a case where the defendant has violated 18 U.S.C. § 1035 involving controlled substances, "loss" is calculated according to the estimated street value of the controlled substances prescribed as a result of the false statement, even if the controlled substances were not sold and were taken by the patient to whom they were prescribed.*
>
> *In all, Young was able to use the Defendant's purported status as a supervising physician to prescribe controlled substances such that the "loss" was an estimated street value of more than $3.5 million, but not more than $9.5 million.*

5. The Defendant understands that:

   a. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. §3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits, the Defendant would waive any rights under the Speedy Trial Act as to the Indictment in case number 1:19-cr-10040-JTF (<u>United States v. Jeffrey Young</u> et al) and the United States would be free to pursue any charges related to the above-admitted conduct in the Western District of Tennessee. Furthermore, such a breach by the Defendant would not release the Defendant from the plea of guilty; and

   b. The Defendant further expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing his signature to this plea agreement. The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter his plea of guilty, or his guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal actions. If the United States violates the terms of this plea agreement, the Defendant will have the right to withdraw from this agreement.

6. The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G §§2B1.1 and 1B1.3, is calculated according to U.S.S.G. §2B1.1 and is level 24. The parties further agree that the

4

      Defendant abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offense pursuant to U.S.S.G. §3B1.3 resulting in an increase of 2 levels.

7. Given the Defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of U.S.S.G. §3E1.1(a). Should the Defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the Defendant's offense, including violations of conditions of release or the commission of any additional offense prior to sentencing, the United States will be free to oppose the two-level reduction for acceptance of responsibility, and to recommend to the Court that the Defendant not receive any reduction for acceptance of responsibility under U.S.S.G. §3E1.1.

8. The Defendant and the United States have reached no other agreements with respect to the calculation of the United States Sentencing Guidelines and the Government will be free to argue for any sentence within the statutory limits.

9. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to whether and when the Court will accept the recommendation of the government.

10. The United States agrees that, if the Court accepts the Defendant's guilty plea, and if the Defendant complies with the terms of it, upon the sentencing of the Defendant, the United States will move to dismiss the Indictment in case number 1:19-cr-10040 (<u>United States v. Jeffrey Young, et al</u>) as to the Defendant, and the United States will not prosecute the Defendant for any offense related to the conduct described herein, with the exception of crimes of violence or perjury. The United States agrees not to further prosecute the Defendant in the Western District of Tennessee for any other non-tax criminal offenses committed by the Defendant that are known to the United States Attorney's Office for the Western District of Tennessee and the Fraud Section, Criminal Divison, U.S. Department of Justice at the time this plea agreement is signed by both parties.

11. The Defendant agrees to forfeit the assets he received from Young and the Clinic, which the parties agree totaled $1,000.00. The parties agree that no other assets or property shall be subject to forfeiture or shall be due and owing as restitution.

12. By signing this agreement, the Defendant affirms that he is satisfied with his lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this

5

writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____  
**ANDREW RUDIN**  
Defendant

3/13/23  
Date

_____  
**NISHAY SANAN**  
Defendant's Counsel

3/13/23  
Date

**GLENN LEON**  
Chief  
Fraud Section, Criminal Divison  
U.S. Department of Justice

and

**KEVIN G. RITZ**  
United States Attorney  
Western District of Tennessee

By:

*Katherine Payerle*  
**KATHERINE PAYERLE**  
Assistant Deputy Chief  
Trial Attorney, Health Care Fraud Unit  
Fraud Section, Criminal Divison  
U.S. Department of Justice

3/14/2023  
Date

**BETH BOSWELL**  
Criminal Chief  
Western District of Tennessee

6