page 8
April 13, 2018

6.  Herein above, the Court has found that the Respondent, Jeffrey W. Young, Jr., has had and currently has the ability to comply with the Marital Dissolution Agreement which he entered into, and the other Orders of this Court. The Court has heard testimony from Mr. Young as to why he has not complied, but ==the Court does not find Mr. Young to be credible.== For instance, Mr. Young has testified that two of the funds which were awarded to the Wife by agreement have filed bankruptcy. Husband produced no evidence whatsoever to support his claim, or how he received that information. The Court also heard testimony from Ms. Hollingsworth which indicated that she handles Mr. Young's money and receipts, deposits them into an account which she handles herself, and which also contains her own personal funds which have been co-mingled with the Clinic funds. The testimony concerning the operation of that account and the disbursement and receipt of funds that go into that account is hazy at best. It appears that the money that goes into this account from Mr. Young's Clinic and his receipts are not under Mr. Young's control and that she and her husband are the only ones who can write checks on that account. She testified Mr. Young is paid solely in cash, that other bills are sometimes paid in cash and that the doctor who administers the Clinic from Chicago is paid in cash. There is very little accountability. The Court further heard testimony from Christy Gutgsell who previously was Mr. Young's office manager and now owns her own medical clinic. Her testimony indicated that Mr. Young told her that he had cashed out at least one of Mrs. Young's accounts awarded to her in the MDA and that the money went to him and his Clinic. She further testified, unrebutted, that Mr. Young told her that he did not intend to pay Mrs. Young. She testified unrebutted further that Mr. Young took $100.00 per day in cash in addition to his payroll checks from the previous Clinic Mr. Young operated of which she was the manager. She had no knowledge as to whether he reported these cash takings as income. Mr. Young testified he had not filed federal tax returns for the past year. She further testified that Mr. Young's previous Clinic which she was manager of, purchased personal items, or paid for personal expenses of Mr. Young including expenses at Target, eating out, purchases of alcohol, tickets to Grizzlies ball games, Mr. Young's utilities and house cleaning at his personal residence, paid Mr. Young's personal insurance, his cell phone, car insurance, and personal attorney's fees. She further testified that the Clinic paid for Mr. Young's heating and air repair at his personal home and that the bill presented to the Clinic was for $7,600.00, but that the amount paid was not the amount of the bill which she testified was $1,800.00. She did not know where the other money went. On cross examination from Mr. Young's attorney, she again confirmed that Mr. Young told her he had no intention to pay Mrs. Young and that he cashed out her account. Husband's attitude toward Wife and complying with the MDA is characterized in Exhibit 13 entered March 16, 2018 where he severely disparaged her, calling her "gold digging bitch". While Mr. Young denied that he takes cash currently, as stated, ==the Court finds Mr. Young is not credible in light of his past history and the method by which he is operating his current Clinic and the lack of accountability for its income and expenses.== Further, Ms. Hollingsworth testified that she received a wage assignment for child support to the Genexis Clinic which she was involved with and is currently operating, but that she discarded the wage assignment and did not pay it. Based on all of this, ==the Court finds that Mr. Young is concealing his income and that he has the ability to pay the amounts owed and that he has willfully violated the Orders of the Court and the terms of the MDA.==