# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | No. 1:19-cr-10040-JTF-1 |
| v. | ) ) | |
| JEFFREY YOUNG | ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Jeffrey Young's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b), filed on March 15, 2024. (ECF No. 333.) The Government filed their response on March 22, 2024, and Young filed his reply on April 4, 2024. (ECF Nos. 337 & 340.) For the reasons set forth below, Young's Motion to Dismiss is **DENIED**.

### I.     BACKGROUND[1]

On April 15, 2019, a federal grand jury for the Western District of Tennessee, Eastern Division, returned a 15-count indictment against Jeffrey W. Young, Jr. a nurse practitioner licensed by the State of Tennessee, Alexander Alperovich, M.D., and Andrew Rudin, M.D. (*See generally* ECF No. 4.) Count one charged Young with conspiracy to distribute and dispense controlled substances from in or around July 2014 through in or around January 2017, in violation of 21 U.S.C. § 846. (*Id.* at 7.) Counts two through seven charged him with unlawfully distributing and dispensing controlled substances to a pregnant woman and aiding and abetting the same on or

---

[1] The facts are irrelevant to the Court's disposition on Young's Motion to Dismiss insofar as he raises a purely legal issue. Nevertheless, the Court provides a summary of this case's facts to better situate Young's challenge.

1

March 5, 2015, March 25, 2015, April 23, 2015, May 20, 2015, June 19, 2015, and July 17, 2015, respectively, in violation of 21 U.S.C. § 841(a), 21 U.S.C. § 861(f), and 18 U.S.C. § 2. (*Id.* at 11-12.) Counts eight through fourteen charged Young with distributing and dispensing controlled substances and aiding and abetting the same on or about June 7, 2016, July 12, 2016, August 6, 2016, September 23, 2016, October 11, 2016 (twice), and November 15, 2016, respectively, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (*Id.* at 13.) Count fifteen charged him with maintaining a drug-involved premises, aiding and abetting, from in or around July 2014 through in or around January 2017, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. (*Id.* at 14.)

Following a five-day jury trial from March 27 to March 31, 2023, the jury returned its verdict finding Young guilty on all fifteen counts. (ECF Nos. 283 & 285.) On March 18, 2024, the Court sentenced him to 240-months (20 years) incarceration, with six years of supervised release to follow. (ECF No. 334.) The Court withheld entry of judgment at that time because Young had filed the pending Motion to Dismiss just three days before the sentencing hearing, and the parties agreed that it would be best to rule on the fully briefed motion before entering judgment. (ECF No. 333 & 334.) Prior to sentencing, the Court heard argument from the parties, and indicated that based on those arguments, it was likely going to deny the Motion.

In short, Young asks the Court to (1) find that his conviction under 21 U.S.C. § 841(a) relies upon its interpretation of CFR §1306.04; (2) conclude that the legal test laid out in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984) for when to defer to an agency's interpretations of its statutes ("*Chevron* Deference") or the related doctrine "*Auer* Deference" is necessary for the Court to rely upon the interpretation of CFR §1306.04; (3) look into its crystal ball to predict that the Supreme Court will likely discard *Chevron* Deference in *Relentless, Inc. v. Department of Commerce*, Case No. 22-1219 and *Loper Bright Enterprises v. Raimondo*, Case

No. 22-451; and therefore (4) dismiss the indictment for lack of subject matter jurisdiction. (*See generally* ECF No. 333.) In its response, the Government argues that this argument is foreclosed by a Supreme Court decision predating *Chevron*, that *Chevron* Deference is unrelated to this case or any other criminal prosecution involving the Controlled Substances Act, and that the Court has subject matter jurisdiction. (*See generally* ECF No. 337.) Young does not address these arguments in his reply. (*See* ECF No. 340.) He instead notes his disagreement with the Court's oral denial of his Motion to Dismiss, and asks the Court to enter the judgment so that he may timely file his appeal.[2] (*Id.*)

## II.     LEGAL STANDARD

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information," including "a claim that the indictment ... fails to ... state an offense." Fed.R.Crim.P. 12(b)(3)(B). An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. *Hamling v. United States*, 418 U.S. 87, 117 (1974). It is also sufficient if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.* "An indictment that clearly tracks the language of the relevant criminal statute sufficiently contains the elements of the offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993).

The allegations in an indictment are presumed to be true and evaluated in the light most favorable to the Government. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001)

---

[2] Despite Young's insistence that he has preserved this issue for appeal, it is not clear that this filing accomplishes this given that he has effectively conceded his argument. For clarity of the record, the Court commits its ruling to writing.

3

("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."). "In a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Ruan v. United States*, 597 U.S. 450, 461 (2022).

### III. ANALYSIS

Young's challenge to his indictment rises and falls on his argument that his conviction under § 841(a) cannot be upheld without reference to a regulation. He refers to § 841(a)'s caveat that "except as authorized," it is unlawful to distribute, or disperse controlled substances. (ECF No. 333, 2-3.) He contends that because he is a nurse practitioner licensed by the State of Tennessee, he is "authorized" to distribute controlled substances under the plain text of § 841(a), so cannot be prosecuted. (*Id.* at 4.) He maintains that the Government's interpretation of the term "authorized" to mean the distribution of drugs for a "legitimate medical purpose and outside the usual course of professional practice," requires reference to CFR § 1306.04. (*Id.* at 3-4.)

In response, the Government points out that the Supreme Court addressed a nearly identical challenge to an indictment in *United States v. Moore*, 423 U.S. 122 (1975). There, the Supreme Court found the statutory language of the Controlled Substances Act "cannot fairly be read to support the view that all activities of registered physicians are exempted from the reach of § 841(a) simply because of their status." *Id.* at 131-32. The *Moore* Court reviewed the Act and determined that "[t]he legislative history indicates that Congress was concerned with the nature of the drug transaction, rather than with the status of the defendant." *Id.* at 134. The Supreme Court also examined § 822(b) and found that it entailed a qualified authorization to limit a registered physician's dispensing authority to the course of his professional practice, not a blanket authorization of all acts by registered physician. *Id.* at 131. This ruling had nothing to do with CFR

4

§ 1306.04 or *Chevron* Deference. Indeed, the *Moore* decision predates *Chevron* by nine years so it could not be dependent on *Chevron* Deference. Also, in 2006, the Supreme Court again made clear that CFR § 1306.04 is not needed to determine that a registered physician can still run afoul of § 841(a). *See Gonzales v. Oregon*, 546 U.S. 243, 257 (2006). In reviewing the propriety of a secondary interpretation of CFR § 1306.04, the Supreme Court determined that CFR § 1306.04 is only a restatement of the statute itself. *Id.* at 257.

Taken together, *Moore* and *Gonzales* establish that Young could be prosecuted under § 841(a) without relying on CFR § 1306.04. This finding undermines the crucial first step of Young's main argument that the possible overruling of *Chevron* Deference will deprive the court of subject matter jurisdiction over this action. For this reason, the Court does not address Young's arguments pertaining to *Chevron*. The Indictment tracks the language of § 841(a)(1) and § 846; contains the elements of each crime, including the applicable *mens rea*; and contains a statement of facts to fairly inform Young of the specific offense with which he has been charged, including the controlled substances, along with the dates of dispensing, which the Government alleges were prescribed outside the course of professional practice, not for a legitimate medical purpose. The Court has subject matter jurisdiction over this case.

### IV. CONCLUSION

Consistent with the foregoing, Young's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

**IT IS SO ORDERED**, this 5th day of April, 2024.

<u>s/John T. Fowlkes, Jr.</u>
JOHN T. FOWLKES, JR.
United States District Judge